531 P.2d 541

The STATE of Arizona ex rel. Joe R. PUR-
CELL, Phoenix City Attorney,
Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Ed W. Hughes, Judge thereof; and Donna LOYD, Defendant and Real Party in Interest, Respondents.

No. 11802.

Supreme Court of Arizona,
In Banc.

Feb. 6, 1975.

Joe R. Purcell, City Atty. by Michael D. House, Asst. City Atty., Phoenix, for petitioner.

Lindauer, Van Baalen & Logan by George Logan, III, Phoenix, for respondent Donna Loyd.

HOLOHAN, Justice.

The Respondent Donna Loyd was tried by a jury in the municipal court of the City of Phoenix on the charge of loitering in a public place for the purpose of prostitution. She was convicted, sentenced, and she appealed to the superior court.

In the superior court, counsel for Respondent Loyd filed a motion to dismiss the complaint, and this motion was granted by the Respondent judge. This special action followed.

Counsel for Respondent Loyd successfully brought dismissal with prejudice of the complaint on the grounds that the complaint failed to state an offense in that it failed to specify the statute or ordinance violated by the accused. Respondent Loyd points out that the charge was brought under "Section 23, Chapter 55," but she maintains that there is no designation of whether this is a violation of the state statute or city ordinance.

There is no doubt that Respondent Loyd and her counsel have been aware throughout the proceedings on this case that the charge is actually alleged under Section 23–55 of the Code of the City of Phoenix. Admittedly Section 23–55 has two subsections, but the language of the complaint leaves no room for doubt as to which subsection the charge has been brought.

Rule 13.2 of the 1973 Rules of Criminal Procedure, 17 A.R.S. provides in part:

"a. In General. The indictment or information shall be a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged.

"b. Charging the Offense. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated."

The extreme technical precision of pleadings in criminal cases has long been unnecessary in this state. Duke v. State, 49 Ariz. 93, 64 P.2d 1033 (1937). An information is sufficient if it clearly sets forth the offense in such manner to enable a person of common understanding to know what is intended. Gutierrez v. State, 44 Ariz. 114, 34 P.2d 395 (1934); State v. Terrell, 103 Ariz. 453, 445 P.2d 429 (1968).

The accused was sufficiently advised of the offense to know what was

charged, and there was sufficient information alleged for her to prepare a defense.

█ The foregoing is sufficient to dispose of the Respondent's position if the mattter had been limited to the sufficiency of the complaint in the magistrate's court. Since the matter was on appeal for trial de novo in the superior court the provisions of Rule 13.5(b) are applicable:

"Altering the Charges; Amendment to Conform to the Evidence. The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indictment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, unless the defendant consents to the amendment. The charging document shall be deemed amended to conform to the evidence adduced at any court proceeding."

Any deficiency in the complaint, the charging document, is remedied by the evidence, and the complaint is deemed amended to conform to the evidence adduced at the trial before the city court. No motion or formal action is required. While normally no record is available of the evidence adduced at a lower court hearing, in this case the pleadings in this Special Action support the conclusion that the accused was tried on the offense described in the city code, and Respondent concedes that the language of the complaint does describe an offense similar in language to that proscribed in the section 23–55 of the city code.

The Respondent trial judge should not have dismissed the complaint. The order of dismissal is vacated and the complaint is reinstated. The case shall be tried within 30 days of the receipt of the mandate from this Court.

Relief granted.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HAYS, JJ., concur.