609 P.2d 78

**STATE of Arizona, Appellee,**

v.

**Carl P. BAILEY, Appellant.**

**No. 1 CA–CR 3846.**

Court of Appeals of Arizona,
Division 1,
Department A.

Jan. 17, 1980.

Rehearing Denied March 18, 1980.

Review Denied April 8, 1980.

**264**

Robert K. Corbin, Arizona Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division, Asst. Atty. Gen., and Greg A. McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edward C. Voss, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Judge.

Appellant was charged with contributing to the delinquency of a minor in violation of A.R.S. §§ 13–821 and 13–822.[1] The materi-

---

1. These statutes were renumbered on October 1, 1978, as A.R.S. §§ 13–3612 and 13–3613 respectively.

al portion of the information charged appellant as follows:

[O]n or about the 14th day of December, 1977, Carl P. Bailey caused, encouraged or contributed to the delinquency of [GS],[2] a person under the age of eighteen years, all in violation of A.R.S. Sections 13–821 and 13–822.

Appellant filed a motion in limine prior to trial requesting the court to preclude the state from introducing testimony regarding prior instances when the defendant had allegedly kissed other juvenile girls. The state objected on the grounds that, *inter alia*, the prior bad acts were admissible under the "emotional propensity for sexual aberration" exception to the general rule that prior bad acts are inadmissible.

The trial court denied the motion in limine on the basis that the evidence was admissible under the emotional propensity for sexual aberration exception and allowed three eleven-year old girls to testify as to prior incidents of bad acts perpetrated upon them by appellant.

Following a trial by jury, the defendant was found guilty as charged. The trial court suspended imposition of sentence and placed appellant on probation for two years upon the condition that he be incarcerated in the Maricopa County jail for a period of one week.

Appellant appeals the judgment of guilt and sentence on the grounds that the trial court improperly admitted the evidence of prior bad acts and that the information was insufficient as a matter of law. We find no reversible error and affirm the judgment and sentence.

The evidence at trial indicated that appellant, a fifty-four year old male was a member of the Board of Trustees of an elementary school district at the time of the incidents involved herein. On December 14, 1977, he made a visit to an elementary school within that district. He went to an art class and asked the teacher if she would like some tree branches for the class which were outside in his truck and the teacher indicated that she would like some. He went outside to his truck and returned with some branches. He then asked, GS, the victim, a ten-year old girl to assist him. He left the classroom with GS and they proceeded to appellant's camper-pickup truck. Appellant told GS to lie down so no one would think she was leaving the school grounds and she complied. Appellant drove to a parking lot near the cafeteria of the school and told GS to go in the back of the truck in the camper to collect the branches. As GS was handing the branches to appellant from the camper he hugged her and "French-kissed"[3] her for approximately a minute. He then asked her to gather more branches and when GS handed appellant the second load he hugged and kissed her again in the same fashion.

The testimony of prior bad acts admitted over the objection of appellant was that of GS and two other eleven-year old girls. The substance of the testimony was that within the few weeks preceding the December 14, 1977, incident, appellant came to the elementary school on several occasions and kissed at least three (and possibly more) girls on the lips. Further the testimony indicated that on one occasion the appellant "French-kissed", DP, a juvenile, who was in the fifth grade at the time.

This evidence was properly admitted under the "emotional propensity for sexual aberration" exception. To be admissible under this exception, the offense charged must involve unnatural sex acts or sexual aberration, the acts must be similar in nature, and the acts must have been committed near in time to the offense charged. *State v. McFarlin,* 110 Ariz. 225, 517 P.2d 87 (1973), *State v. McDaniel,* 119 Ariz. 373, 580 P.2d 1227 (App.1978); *State ex rel. La Sota v. Corcoran,* 119 Ariz. 573, 583 P.2d 229 (1978); *State v. Jerousek,* 121 Ariz. 420, 590 P.2d 1366 (1979).

2. Initials will be substituted throughout this opinion in place of the names of the juvenile victim and juvenile witnesses in this case.

3. "French-kiss" while not precisely defined in the dictionary has been used throughout this case to connote a kiss on the lips wherein one's tongue is inserted into another's mouth.

In this case, the offense charged was contributing to the delinquency of a minor. Delinquency [4] is defined as "any act which tends to debase or injure the morals, health or welfare of a child" and therefore contributing to the delinquency of a minor may or may not be an offense involving sexual aberration. There is no question that the prior bad acts of kissing young girls on the lips and the one instance of "French-kissing" DP all happened within a few weeks of the December 14, 1977, incident and were similar in nature to that incident. The only question is whether the offense charged involved an unnatural sex act or sexual aberration under the facts of this case. We hold that it does. While a kiss may be an acceptable manner of expressing affection and not constitute a "sex act", the situation here was different. The manner of kissing and the numerous times the appellant kissed the young girls here illustrate an abnormal motive and propensity for sexual aberration. "French-kissing" and repeated kissing of little girls on the lips by a 54-year old man is unnatural, and makes the offense charged one involving sexual aberration.

Appellant argues on the basis of *State v. Treadaway*, 116 Ariz. 163, 568 P.2d 1061 (1977), that the prior bad acts should not have been admitted because there was no expert testimony indicating that the prior bad acts reflect a propensity on the part of the appellant to engage in such activity. As *State ex rel. La Sota v. Corcoran, supra*, made clear, such expert testimony is not required when the acts are similar and sufficiently near in time. The acts in this case were similar and were near in time to the offense for which appellant was charged. Therefore, we find no error in the admission of the prior bad acts.

Appellant also argues that the information in the instant case was insufficient to inform him of the nature of the charge against him. He argues on the basis of *State v. Cutshaw*, 7 Ariz.App. 210, 437 P.2d 962 (1968), that the insufficiency of the information is a matter of fundamental error and demands reversal by this court. We note that appellant did not make a motion for further discovery pursuant to 17 A.R.S., Arizona Rules of Criminal Procedure, rule 15, nor did he move to dismiss the information pursuant to Rule 16.5(b). Appellant is now precluded from raising the issue under the terms of Rule 13.5(c). *State v. Rupp*, 120 Ariz. 490, 586 P.2d 1302 (App. 1978).

All that is necessary is that the party have actual notice of the underlying charges. *State v. Rupp, id.* In *State v. Cutshaw, supra*, the defendant did not know which acts formed the basis for the underlying charge. There were several possibilities and the critical acts were not specified in the information. Moreover, *Cutshaw* was decided prior to the promulgation of Rule 15, which authorizes further discovery. In the instant case, appellant had notice of which specific acts formed the basis of the charge. The charging document is sufficient if it sets forth the offense in such a manner as to enable the person charged to know what charge is intended. *State ex rel. Purcell v. Superior Court*, 111 Ariz. 418, 531 P.2d 541 (1975). We find no error.

For the foregoing reasons the judgment and sentence are affirmed.

FROEB, P. J., and YALE McFATE, Judge, Retired, concur.

---

4. A.R.S. § 13–821(C) renumbered A.R.S. § 133612(1).