616 P.2d 70

STATE of Arizona, Appellee,

v.

Roger A. BROOKS, Appellant.

No. 1 CA–CR 3531.

Court of Appeals of Arizona,
Division 1, Department A.

May 27, 1980.

**396**

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Crim. Div., Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Garrett W. Simpson, Phoenix, for appellant.

## OPINION

FROEB, Presiding Judge.

Appellant, Roger A. Brooks, appeals his conviction for one count of presenting a false claim (A.R.S. § 13–317) and four counts of theft by embezzlement of public money (A.R.S. §§ 13–662, 13–681, 13–682 and 13–689.) [1]

At the time of his indictment, appellant was an elected member of the Maricopa County Community College District (MCCCD), the entity responsible for the overall operation of community colleges in Maricopa County (A.R.S. §§ 15–676.01, 15–679). In early September of 1977, appellant took a trip to San Diego, California, using MCCCD funds, accompanied by a female companion and her child. The purpose of this trip formed the basis of the prosecution. The State presented evidence that the trip was for personal rather than official purposes. Appellant defended on the grounds that his purpose was to investigate possible administrative misconduct on the part of MCCCD employees. The case was tried to a jury and resulted in a verdict of guilty on all five counts.

---

1. The alleged crimes in this case took place in August of 1977. Therefore, discussion of statutes herein refers to statutes applicable prior to the enactment of the new Arizona criminal code.

■ Appellant's first argument is that the trial court erred in denying his motion to dismiss the indictment as insufficient as a matter of law. We disagree. 17 A.R.S. Rules of Criminal Procedure, rule 13.2, states, in part:

a. In General. The indictment or information shall be a plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged.

b. Charging the Offense. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated.

In addition, it was stated in *State ex rel. Purcell v. Superior Court*, 111 Ariz. 418, 531 P.2d 541 (1975):

The extreme technical precision of pleadings in criminal cases has long been unnecessary in this state. (citation omitted) An information is sufficient if it clearly sets forth the offense in such manner to enable a person of common understanding to know what is intended. (citations omitted)

We have reviewed the indictment and find it meets these standards. The indictment specifically states the statutes allegedly violated, the dates of the alleged violations and amounts allegedly embezzled, and as to the false claim count, the name of the person to whom the claim was presented and a description of the form used. We hold that the indictment sufficiently apprised appellant of the offenses charged.

■ Appellant next argues that, as to the charge of presenting a false claim, the person to whom the claim (referred to as a "travel request" form) was presented was not a proper person to receive it under the statute. Therefore, since this person lacked capacity to act upon the claim, presentation of even a false claim to him could not constitute a public offense. This argument is without merit. The statute in question, A.R.S. § 13–317, states:

A person who, with intent to defraud, presents a false or fraudulent claim, bill, account, voucher or writing for allowance or payment to a public board *or officer* authorized to pay them when genuine, is guilty of a felony. (emphasis added)

The record clearly indicates that the individual to whom appellant presented a travel request document, A. W. Flowers, was during 1977 the acting chancellor and executive vice–chancellor of the MCCCD. The chancellor is the chief administrator of the district. There was evidence presented that he was authorized by the MCCCD to approve expenditure of its funds. Further, there is no argument that the MCCCD lacked the power to either appoint Flowers to the position or to authorize him to approve such expenditures. We thus hold that Flowers was an "[O]fficer authorized to pay [claims] when genuine . . ." within the meaning of A.R.S. § 13–317.

■ Appellant also challenges the sufficiency of the indictment as to the charges of embezzlement. Specifically, he argues that the indictment fails to affirmatively allege the existence of a fiduciary relationship, relying upon *Hampston v. State*, 34 Ariz. 372, 271 P. 872 (1928) and *Phelps v. State*, 25 Ariz. 495, 219 P. 589 (1923). These two cases were decided at a time when greater formality and precision in indictments were required than under today's liberalized rules of pleading and discovery. As we stated earlier, the indictment here specifically refers to the statutes allegedly violated, including those for the embezzlement counts. These statutes set forth as an element the requirement of a fiduciary relationship. The indictment, then, sufficiently apprised appellant of the crime charged and it was not necessary that it specifically allege the existence of a fiduciary relationship. *Cf. State v. Vanderlinden*, 21 Ariz. App. 358, 519 P.2d 211 (1974), *vacated on other grounds*, 111 Ariz. 378, 530 P.2d 1107 (1975). As was stated in *Purcell, supra*, technical precision of pleading in criminal cases is no longer necessary. *See also, Duke v. State*, 49 Ariz. 93, 64 P.2d 1033 (1937), 17 A.R.S. Rules of Criminal Procedure, rule 13.2.

■ Next, appellant points to the provisions of A.R.S. § 13–689 and raises the question of whether funds of MCCCD come within the ambit of that statute. A.R.S. § 13–689 states:

In a prosecution for theft by embezzlement, if the embezzlement is of public funds of the United States, or of this state, or of a county, city or municipality, the offense is a felony punishable by imprisonment in the state prison for not less than one nor more than ten years, and the person convicted shall be ineligible thereafter to hold any office of trust or profit in this state.

Since the community college district is not a named entity under the statute (i. e., it is not "[T]he United States, or . . . this state . . . county, city or municipality . . . ."), appellant argues the statute cannot apply to his conviction. He further argues that the funds of the MCCCD, while originating from both the state and the county, lose their identity as such once they are appropriated to the MCCCD. We disagree. In our opinion, the intent of A.R.S. § 13–689 is broad. The reference to the "state" is a reference to the branches of state government and the respective offices, divisions, departments and entities into which state government is divided. The same is true with respect to counties, cities and municipalities. A strict and literal reading of this statute, as suggested by appellant, would result in a totally ineffectual criminal statute. Its sanctions would be empty because only a few governmental offices would arguably come within its reach. We believe the intent of the legislature was to bring all public as opposed to private, entities within the scope of A.R.S. § 13–689.

Under this analysis, we hold that A.R.S. § 13–689 includes within its provisions public funds of the MCCCD. The MCCCD is a governmental entity created pursuant to statute. A.R.S. § 15–666, et seq. It has been held to be a "political subdivision" of the state. *McClanahan v. Cochise College*, 25 Ariz.App. 13, 540 P.2d 744 (1975). Although the district is limited to Maricopa County, it bears a statutory relationship to the State Board of Directors for Community Colleges. *See, e. g.*, A.R.S. § 15–676.01. It is funded to a substantial degree with state funds. *See* A.R.S. § 15–686, et seq. Taking into account all of the statutory provisions relating to community college districts, we hold that the MCCCD is an institution of the state and thus its funds are public funds of the state within the meaning of A.R.S. § 13–689.

■ In a related argument, appellant contends that the trial court committed reversible error in instructing the jury that "[P]ublic monies includes monies belonging to, received or held by the state, county, city or town or *any subdivision thereof*; or any officers thereof in their official capacity." He argues that the inclusion of the emphasized words was an unauthorized rewriting of the language of A.R.S. § 13–689. We disagree. As indicated earlier, a broad interpretation of A.R.S. § 13–689 includes subdivisions of government. The instruction was therefore not incorrect and the court did not err in giving it.[2]

---

2. This ruling touches upon another aspect of the issue. In the theft by embezzlement counts, the state charged appellant with stealing "from Maricopa County Community College District, public monies in the amount of . . . ." The words "public monies" were included within the charge so as to bring the punishment provisions of A.R.S. § 13–689 into play. The real issue created by appellant is *not whether the funds involved were "public monies"* but whether the funds were funds of a governmental entity mentioned in A.R.S. § 13–689. As set forth in the opinion, we have held as a matter of law that the funds of the MCCCD were funds of the "state" within the meaning of that statute. Thus, this precise question was not a jury issue at all. Nevertheless, in the posture of the case as it was given to the jury, the question of whether the MCCCD fit into the meaning of "state, county, city or town or any subdivision thereof" was seemingly left to a jury determination. The error here, however, could only have benefited appellant rather than have prejudiced him, since it is conceivable the jury might have decided the MCCCD did not fit into one of the entities quoted above. The outcome, of course, was otherwise, but the result would have been the same had the court ruled that the MCCCD fit into one of the entities as a matter of law.

Next, appellant argues that the motion for directed verdict as to the false claim count should have been granted because one of the elements of A.R.S. § 13–317 (previously quoted) is that a claim be presented for payment, but that due to accounting procedures of the district board, this presentation does not formally occur until the end of the fiscal year. Therefore, at the time of his indictment, the money appellant had received for the trip merely represented an "advance" which could have been reimbursed in the event the board determined the bills, for some reason, were not legally payable. We disagree. The presentation of the claim occurred when it was submitted to A. W. Flowers, the board's authorized representative, which, along with the accompanying fraudulent intent, constituted the criminal act. To present such a claim is a violation of the statute, even if money is never paid out and regardless of when, according to accounting procedures, the expenses were formally submitted to the board. We hold there was sufficient evidence before the court as to presentation of the claim to warrant denial of the directed verdict.

Appellant also argues, with respect to the false claim charge, that his motion for a directed verdict was improperly denied because the State failed to show that the claim was presented with specific intent to defraud. We disagree. Intent can be shown by circumstantial evidence. *State v. Taylor*, 25 Ariz.App. 497, 544 P.2d 714 (1976). There was more than enough circumstantial evidence presented to warrant submitting this question to the jury. It is unnecessary to recite that evidence here.

Appellant next argues that his motion for directed verdict should have been granted as to the embezzlement counts. He argues there was no showing of a "taking" because he never submitted a follow–up claim for his travel expenses after he returned from the trip. He contends his failure to do so meant he would have owed the district the amount expended on the trip if

the follow–up claim were not filed by the end of the fiscal year. We reject this analysis. The punishable conduct in theft by embezzlement is fraudulent appropriation of property. Thus, given the requisite fraudulent intent, upon receipt of the check for the cash advance and the payment for the lodging, travel and car rental, the crime was completed. We hold there was a taking within the meaning of the theft by embezzlement statute and the motion for directed verdict was correctly denied.

Appellant raises an issue whether an ethical conflict of interest existed on the part of counsel for the State. He argues that since the Maricopa County Attorney represented the State in the criminal prosecution and its civil division also represents the governing board of the MCCCD (*see* A.R.S. § 11–532) that, as a board member, he was being both prosecuted by and was a "client" of the Maricopa County Attorney, and that he never consented to this dual representation. We reject this argument because authorization to represent the MCCCD does not mean the county attorney also represents individual district board members. Rather, A.R.S. § 11–532(C) provides that the county attorney *may* represent a school board member against whom an action is brought in his individual capacity "[U]ntil such time as it is established as a matter of law that the alleged activity or events which form the basis of the complaint were not performed . . . within the scope or course of the member's duties." We thus reject appellant's contention that simply because he was an elected member of the governing board of the MCCCD he was a "client" of the Maricopa County Attorney. The statute states that the county attorney *may* represent individual board members, not that it *must.* We find that the county attorney never represented appellant individually in this matter.[3] Appellant further argues that because the MCCCD retained a legal advisor, Ms. Janice McIlroy, whose husband was employed as an attorney for the civil division

---

3. It is not contended in this appeal that the term "school board member" in A.R.S. § 11–

532 does not apply to district college board members.

of the Maricopa County Attorney's office, there was created an impermissible conflict of interest. This argument lacks merit. Mr. McIlroy, as stated, worked in the county attorney's *civil* division. He had no contact with the criminal prosecution. Ms. McIlroy was counsel for the MCCCD but never represented appellant individually. Further, prosecuting attorney Birkemeier stated in a sworn affidavit that he had never discussed the case with Mr. McIlroy and there is no showing in the record that the county attorney's criminal division, in its prosecution, became privy to information relating to appellant by virtue of the fact that the county attorney's civil division may have at times represented the MCCCD. There is no occasion, therefore, to apply the principles of *State v. Latigue*, 108 Ariz. 521, 502 P.2d 1340 (1972) to the facts presented in this case and we decline to find that a conflict of interest existed.

■ For his final issue, appellant contends that the court should have granted his pre–trial motion to dismiss the four counts of theft by embezzlement on the ground they should have been alleged as one count. We disagree. As earlier discussed, appellant submitted a travel request form prior to his trip. On it were requests for air fare, lodging and meals, and car rental expenses. A separate check was made payable to appellant personally to cover *per diem* expenses. Subsequently, on three different dates, the district issued checks directly to the businesses concerned to cover the above expenses. The indictment alleged that the issuance of each of these checks constituted a separate offense, and the issuance of each was set forth as a separate count. Appellant argues that these four counts should have been alleged as one count because they were the "product of one act." The State, however, urges that the allegations in separate counts were necessary since the jury might have determined that appellant formed the requisite criminal intent at some point *during* the trip, but not at the outset. If such were the case, appellant might only have been guilty of embezzling part but not all of the funds involved. We hold that the trial court cor-

rectly denied the pre–trial motion to dismiss because the propriety of separate counts is a matter which depended upon the nature of the evidence at trial.

For the reasons stated, the judgment of conviction on all five counts is affirmed.

DONOFRIO and WREN, JJ., concur.