706 P.2d 1228

**STATE of Arizona, Appellee,**

v.

**Jonnene La Vae WINTER, Appellant.**

**No. 1 CA–CR 7366.**

Court of Appeals of Arizona,
Division 1, Department D.

April 2, 1985.

Review Denied Sept. 24, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel Criminal Div., and Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

## OPINION

GERBER, Judge.

Appellant, Jonnene La Vae Winter, and her co-defendant, Dean Edward Nicholson, were charged with two counts of theft, class 3 felonies, in violation of A.R.S. § 13–1802. Appellant's trial was severed from that of her co-defendant and she was found guilty of both counts. The jury returned a special verdict that the theft alleged in Count II occurred before the theft alleged in Count I. Appellant was sentenced to concurrent mitigated terms of six years and four years imprisonment on Count I and Count II, respectively. The issues on appeal are:

(1) Whether appellant was denied due process because she was convicted of a crime not charged;

(2) Whether the trial court erred in denying appellant's motion to suppress;

(3) Whether the trial court erred in failing to instruct the jury on the crime of "joyriding;" and

(4) Whether the court erred in submitting to the jury a special verdict.

## I. FACTS

On December 19, 1982, at approximately midnight, Phoenix Police Officer Regina Hernandez stopped appellant who was driving a 1982 Datsun 280ZX with Missouri dealer plates. Appellant was stopped because she was traveling up against the yellow lane divider between the high speed lane and the median wall of the freeway, was weaving within her lane and had no expiration date sticker on her Missouri license plate. After Officer Hernandez stopped appellant she asked for the vehicle registration and appellant stated that she did not have one because the car belonged to her boyfriend, a Missouri car dealer. When asked her boyfriend's name, appellant hesitated but stated that his name was Harry Frances.

Officer Hernandez asked appellant to remove the papers which were covering the vehicle identification number (VIN) on the dashboard. Although appellant removed the papers, she placed them back over the VIN while Officer Hernandez was recording it. Officer Hernandez again requested appellant to remove the papers which covered the VIN, recorded the number and, after radioing the number into the station, learned that the vehicle was stolen. Thereafter, Officer Hernandez placed appellant under arrest and took possession of her keys.

The following day, Officer William Woods, who had been investigating appellant and Dean Edwards Nicholson in connection with another matter, learned that appellant had been arrested the preceding evening for possession of a stolen vehicle. Officer Woods set up surveillance of appellant's apartment and observed a red Mazda RX7 parked in appellant's parking space. Officer Woods previously had run a check on the Mazda's license plate number and found that it belonged to another vehicle. At approximately 2:00 p.m., he observed appellant approach the Mazda with a key and driver's license in her hand and open the car door. When asked who owned the vehicle, appellant stated that it belonged to Harry Frances. After Officer Woods removed papers covering the VIN, he radioed the number in to the police department and was advised that the Mazda was a stolen vehicle. Appellant was again arrested.

## II. SUFFICIENCY OF THE INDICTMENT

The indictment alleged two counts of theft in violation of A.R.S. § 13–1802. Specifically, it charged appellant with two counts of theft committed knowingly controlling property [1] with the intent to deprive the owners of the property. The state did not specify in the indictment a violation of any particular subsection.

The trial court instructed the jurors that they could return a verdict of guilty if appellant violated subsection (A)(1) (control of property of another with intent to deprive) or subsection (A)(5) (control of property knowing or having reason to know it is stolen). Specifically, the court in the instructions stated:

The crime of Theft requires proof of the following two things:

The Defendant without lawful authority knowingly controls another person's property, and the Defendant intended to deprive the other person of the property,

---

1. The indictment states:

On or between the 8th day of November, 1982 and the 19th day of December, 1982, JONNENE LA VAE WINTER and DEAN EDWARD NICHOLSON, knowingly controlled property of Eastside Datsun of Columbus, Ohio, to-wit: a 1982 Datsun 280ZX Turbo, VIN # JN1CZ0657CX039, of a value of one thousand dollars or more, with the intent to deprive Eastside Datsun of Columbus, Ohio, of such property, in violation of A.R.S. §§ 13–1802, 13–1801, 13–701, 13–702 and 13–801 and 13–604.01.

COUNT II: charging that in Maricopa County, Arizona: On or between the 13th day of July, 1982, and the 20th day of December, 1982, JONNENE LA VAE WINTER and DEAN EDWARD NICHOLSON, knowingly controlled property of Van Wyk Mazda of Tucson, Arizona, to-wit: a 1982 Mazda RX7, VIN # JM1FB3311C0645383, of a value of one thousand dollars or more, with the intent to deprive Van Wyk Mazda of Tucson, Arizona, of such property, in violation of A.R.S. §§ 13–1802, 13–1801, 13–701, 13–702 and 13–801 and 13–604.01.

or the Defendant knew, or had reason to know, that the property was stolen.

■ Appellant now argues that the effect of the "alternative instruction ... was to amend the indictment so as to allow Appellant to be convicted of theft on the basis of a lower level of scienter than was originally charged, a lower level of which Appellant had no notice until after all testimony at trial." [2]

■ The troublesome issue here is the degree of specificity required for a criminal indictment: Is a general citation of A.R.S. § 13–1802 sufficient for a theft charge, or must the indictment cite specific subsections as well, and if so, is a conviction limited to the specific subsection cited?

Our jurisprudence has travelled a long way from the practice of the Emperor Caligula, who conveniently wrote the Roman laws on pillars too high to be read by his subjects. Nor do we adopt the other extreme of "extreme technical precision" in our indictments. *State ex rel. Purcell v. Superior Court,* 111 Ariz. 418, 419, 531 P.2d 541, 542 (1975). Under the present state of our law, a criminal charge is sufficient if it clearly sets forth the offense in a manner which enables a person of common understanding to know what is intended.

■ There are two distinct reasons for finding the indictment sufficient and thus for affirming the conviction, the first being the unitary nature of the theft offense, and the second the provisions of Rule 13.5, Arizona Rules of Criminal Procedure. In the first place, theft in A.R.S. § 13–1802 is presently a single offense even though it has multiple subsections. It was not always so. In our prior criminal code, there existed a proliferation of theft offenses covering almost any kind of taking of almost anything. The present A.R.S. § 13–1802 consolidates the multiple prior theft offenses of embezzlement, conversion, larceny, finding and keeping stolen property,

theft by false pretenses, and other similar "verbal distinctions" to produce a single unified offense. The Criminal Code Commission Commentary expressly acknowledges this consolidation:

> The essence of theft pursuant to § 1801 [A.R.S. § 13–1802] is the obtaining of unlawful control over property of another with the intent to deprive him or her thereof. For all practical purposes, the verbal distinctions among embezzlement, receiving stolen property, finding and keeping lost property, defrauding an innkeeper and similar theft offenses are abolished and replaced by a singular concept of depriving another of his or her property or services.

Arizona Criminal Code Commission, *Arizona Revised Criminal Code* at 179 (1975).

Lest this be considered an Arizona anomaly, this unitary interpretation of the theft statute stems from no less a source than the Model Penal Code. The commentary to § 223.1 of the Model Penal Code (Official Draft of 1962) at 137–138 provides:

> If overly specific charging is required, technical defenses based on inevitable minor variances can be made to a charge of any type of offense. It should be noted here, however, that the success of the effort to consolidate the various forms of theft into a single offense is limited by the extent to which highly detailed charging is perceived to be mandated by constitutional limitations or the fair notice requirement. It is the premise of Subsection (1) that post-charge relief should in most cases suffice to fill in the details of an accusation of theft that the defendant must know in order to meet the case against him. Such relief can come in the form of a bill of particulars or other specification of information following the formal charge or in the form of a continuance of the trial to allow additional time for preparation. If

---

2. The state contends that appellant's general objection to the charge was insufficient to preserve the issue on appeal. During the settling of instructions, defense counsel stated, "[f]or the record, the instructions should only reflect the

charge in the indictment." Counsel's comment clearly indicated to the court the basis for objecting to the theft instruction. Therefore, we address the merits of the issue.

recharging is consistently required, the advantages of consolidation will be significantly impaired.

Under this seminal language, a general citation of the theft statute in the indictment suffices to charge a violation of its subparts. To allow an uncomplaining defendant to await a verdict and then raise this technicality after an adverse verdict resurrects the fragmented theft scheme explicitly abolished by the new code provisions cited above. As the Model Penal Code points out, a defendant claiming inadequate notice of the charge finds appropriate remedies via pretrial motions for discovery or amendment. *Id.* at 138.

Other states have resolved this problem with greater ease. In a nearly identical fact pattern in *Commonwealth v. Day,* 599 S.W.2d 166 (Ky.1980) involving a theft statute similar to A.R.S. § 13–1802, the Kentucky Supreme Court held a general citation of the theft statute sufficient to cover a conviction for exercising control over property known by the defendant to have been stolen, notwithstanding the fact that there was another Kentucky statute specifically penalizing receiving stolen property. *See* K.R.S. § 514.030(1)(a).

In addition to this "single offense" argument, there is independent support for affirming the conviction in the provisions of rule 13.5. By virtue of that rule, an indictment is automatically amended to conform to the trial evidence, provided the amendment makes no change in the nature of the underlying crime. *State v. Suarez,* 137 Ariz. 368, 670 P.2d 1192 (App. 1983). Under the analysis above and the decisions of this court, such as *State v. Dixon,* 127 Ariz. 554, 622 P.2d 501 (App. 1980), our theft statute constitutes one, rather than multiple, offenses. If that is so, under rule 13.5 the evidence presented at trial automatically resulted in an amendment of the indictment to permit the conviction under subsection (A)(5).

Case law in this state, including decisions of this court, recognizes just such an automatic amendment under rule 13.5 even in cases more compelling than this. In *State v. Puryear,* 121 Ariz. 359, 362, 590 P.2d 475, 478 (App.1979), where the charging document was lacking in specificity, the court wrote:

[W]e are impressed with the fact that appellant made no complaint about the lack of specificity in the indictment until after the State's opening statement.... Under Rule 13.5(c), Arizona Rules of Criminal Procedure, a defect in the charging document cannot be raised except by a motion filed in accordance with Rule 16. Rule 16.1(b) requires that such motion be made no later than 20 days prior to trial.... Since appellant waited until trial to make his motion on the sufficiency of the indictment, the trial court did not err in precluding it.

The same rationale appears in other cases where the statutory sufficiency of the charging document was attacked and upheld, notably in *State v. Rupp,* 120 Ariz. 490, 586 P.2d 1302 (App.1978); *State v. Castoe,* 114 Ariz. 47, 559 P.2d 167 (App. 1976); and *State v. Bailey,* 125 Ariz. 263, 609 P.2d 78 (App.1980).

Prior cases dealing with variances greater than that presented by the instant case have not required reversal. Thus, in *State v. Fisher,* 21 Ariz.App. 604, 605, 522 P.2d 560, 561 (1974), this court specifically stated that an information "is not fatal ... [where] it did not particularize by which of the three methods" the crime occurred. In *State ex rel. Purcell, supra,* where a defendant was charged under "Section 23, Chapter 55," without any indication whether this was a municipal or state code violation, our supreme court indicated that the absence of a reference to the applicable criminal code and its specific subsections did not destroy the efficacy of the indictment. That court went on to observe that under rule 13.5 any deficiency in the complaint "is remedied by the evidence, and the complaint is deemed amended to conform to the evidence adduced at the trial." 111 Ariz. at 420, 531 P.2d at 543. Perhaps the most specific reference to the problem presently before this court appears in *State v. Kidd,* 116 Ariz. 479, 481, 569 P.2d 1377,

1379 (App.1977), where in upholding the sufficiency of an indictment the court observed:

> We would hold that when the Legislature spells out a specific crime in a subsection of a statute which is the only subsection that will apply to the facts of a case the conviction will be upheld even though the defendant was charged under the general section number without particularizing the subsection, especially in this case where no previous objection was made to specify the subsection until after the verdict and just before sentencing.

■ There is no legal problem, furthermore, in the indictment charging the mental state of "intention" and the conviction being for acting "knowingly." An indictment charging acting "intentionally" both psychologically and legally includes acting "knowingly." In terms of this case, charging this defendant with the intent to deprive necessarily also charged her with having the knowledge that the vehicle belonged to another. The defendant's opening statement at trial lends further support to the adequacy of defendant's notice of the mens rea of knowledge.[3] While *Pool v. Superior Court*, 139 Ariz. 98, 100, 677 P.2d 261, 263 (1984) does state in dicta that the "best procedure" is to charge a defendant under all applicable subsections, the supreme court suggested this as an ideal, not as a constitutional minimum. At the time of an indictment it is not always possible to specify a defendant's exact mental state existing at the time of the crime. When, at the time of the indictment, the prosecution lacks specific information about a theft defendant's mental state, the extensive discovery provisions of the Arizona Rules of Criminal Procedure, coupled with the provisions of Rule 13.5 discussed above, provide adequate recourse for a defendant not afforded *Pool's* "best procedure." Finally,

as to the notion that the defendant was denied a defense to subsection (A)(5), our review of the record reveals not that this defendant was denied a defense of lack of knowledge but rather that her well-articulated defense simply failed to persuade the jury.

## III. MOTION TO SUPPRESS

Appellant filed a motion to suppress the Datsun 280ZX seized during the freeway stop and the Mazda RX7 seized at her apartment. Officer Hernandez testified at the suppression hearing and the trial court denied appellant's motion. Appellant argues on appeal that the court erred in denying her motion because the investigatory stop was not based upon a "particularized" and "founded" suspicion by the officer that a crime was being committed.

■ The trial court's ruling on a motion to suppress will not be disturbed on appeal absent clear and manifest error. *State v. Hicks*, 133 Ariz. 64, 73, 649 P.2d 267, 276 (1982). An automobile may be stopped and the driver detained for investigatory purposes when the totality of the circumstances give rise to a particularized and founded suspicion that the person is engaged in criminal activity. *State v. Martinez*, 26 Ariz.App. 210, 547 P.2d 62, *approved and adopted*, 113 Ariz. 345, 554 P.2d 1272 (1976).

■ The stop was based upon a particularized and founded suspicion by Officer Hernandez. Officer Hernandez testified that appellant was driving close to the median barrier on the freeway and was weaving inside the lane. Believing appellant to be tired or intoxicated and in violation of a law which requires vehicles to travel within one lane, she stopped appellant. We need not decide whether the absence of an expi-

---

**3.** Counsel for appellant began his opening statement with the following remarks:

> The question is whether or not there is a conspiracy having to do with these automobiles, or whether or not Ms. Winter was simply driving these vehicles at the courtesy of Mr. Nicholson, that is to say *whether or not Ms. Winter really had any knowledge or*

*awareness that these vehicles were stolen,* or whether or not she was simply using cars that were provided for her ... or not.

(Emphasis added.) Thus, it is simply incorrect to suggest that appellant had no notice of the potential applicability of subsection (A)(5) to the case.

ration sticker on the Missouri plates warranted the stop because the foregoing facts were sufficient to give rise to the officer's particularized and founded suspicion of criminal activity.

## IV. FAILURE TO INSTRUCT ON JOYRIDING

 Appellant argues that joyriding in violation of A.R.S. § 13–1803 [4] is a lesser included offense within A.R.S. § 13–1802(A)(1). The state argues that appellant is precluded from raising the issue on appeal because she failed to request an instruction on joyriding at trial. We agree with appellant that a trial court is required to instruct on all lesser included offenses of the offense charge. Here, however, the trial court had no duty to instruct on joyriding because it is not a lesser included offense of theft. An offense is a lesser included offense where all the elements of it are included among the elements of the offense charged. *State v. Carpenter*, 1 Ariz.App. 522, 526, 405 P.2d 460 (1965). The offense of joyriding requires the unlawful use of means of transportation while the classes of theft set forth in A.R.S. § 13–1802 do not require this element.

## V. SPECIAL VERDICT

Finally, appellant argues that the trial court erred in submitting a special verdict to the jurors for the purposes of determining whether she should be sentenced as a repeat offender on Count I if the jury found her guilty of both counts. Because appellant failed to object to the forms of verdict submitted to the jurors, the issue is waived on appeal. Moreover, there was no prejudice inherent in the special verdict. The court made it clear in its instructions to the jurors that they should return a special verdict only if they first found appellant guilty of both counts of theft.

4. A.R.S. § 13–1803 provides:
    A. A person commits unlawful use of means of transportation if, without intent permanently to deprive, such person knowingly

For the foregoing reasons the judgment below is affirmed.

MEYERSON, Acting, P.J., and CONTRERAS, J., concur.

NOTE: The Honorable RUDOLPH J. GERBER, Maricopa County Superior Court Judge, was authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court pursuant to Art. 6 § 3, Ariz. Const.

takes unauthorized control over another's means of transportation.
    B. Unlawful use of means of transportation is a class 6 felony.