SWANN, Judge,
dissenting.
¶ 23 I respectfully dissent. This case raises a legal question of statewide importance: Whether the state may dismiss and refile criminal charges as a means of avoiding the deadlines imposed by Ariz. R.Crim. P. 8. The special action, though filed against the respondent judge in the 2012 case, adequately raises the issue of the harm done by the Rule 8 violation in the 2011 ease, because that harm manifests itself in the 2012 ease.
JURISDICTION
¶ 24 In State v. Paris-Sheldon, 214 Ariz. 500, 154 P.3d 1046 (App.2007), the court considered a similar fact pattern with a very different procedural history. There, after initial charges were dismissed and refiled, the defendant moved to dismiss the second prosecution based on a purported Rule 8 violation in the first case. Id. at 504, ¶¶ 5-6, 154 P.3d at 1050. The superior court denied the motion, and the defendant was convicted in the second prosecution. Id. at ¶¶ 6-7. The court of appeals held that an appeal from a conviction in a subsequent prosecution could not raise the issue of the denial of a motion to dismiss based on an alleged speedy trial violation in the initial prosecution. Id. at 508, ¶ 24, 154 P.3d at 1054. The court was not presented with the question of special action jurisdiction. In reaching its holding, the court treated the use of an appeal as analogous to invited error — the defendant allowed the case to proceed to judgment before raising the issue of the earlier Rule 8 violation. Id. The court concluded that the appropriate course of action would have been a motion for reconsideration or special action filed in the first ease. Id. This case is different.
¶ 25 There are important differences between special actions and appeals that render the holding of Paris-Sheldon inapplicable here. First, the acceptance of special action jurisdiction is purely discretionary, and no authority prohibits the court of appeals from accepting jurisdiction in any special action. For this reason alone, the majority’s reliance on Paris-Sheldon is misplaced. Our ease law is replete with guidelines by which we exercise our discretion to accept jurisdiction, *582 and the factors warranting jurisdiction are present here. Second, unlike an appeal, a special action is not filed “in” a ease — it is an original action challenging the official conduct of a public official. A special action should be filed when the harm it seeks to redress becomes manifest, and the superior court case number should be of no consequence. Third, unlike appeals, special action jurisdiction is not subject to rigid time constraints.
¶ 26 Here, Earl filed his motion to dismiss the second prosecution, and pursued this special action when the court denied it. By challenging the denial of his motion to dismiss via special action, Earl appropriately waited for the question to become ripe and promptly sought review when it did. It is true that Earl could have named the trial judge in the 2011 case as a respondent. But in that case, the trial judge expressly ruled “without prejudice” to Earl’s right to raise the issue in the 2012 case. Had Earl brought a special action at that point, it is extremely unlikely that we would have accepted jurisdiction, because he still had a right (granted by the court itself) to pursue the issue further in the superior court in the second prosecution. Of course, Earl could not have appealed the decision in the 2011 case, because he had not been convicted. He therefore pursued the only course of action available to him: He filed the motion that he had been invited to file, and then sought special action review to ensure that Paris-Sheldon did not bar review on appeal. By declining jurisdiction over this special action, the majority has placed the court’s ruling (and the state’s conduct) beyond any opportunity for review.
¶ 27 The majority faults Earl for failing to seek reconsideration of the dismissal without prejudice, but cites no authority for the proposition that a motion for reconsideration is ever a necessary predicate for review. The fact that we do not know what would have happened had Earl sought reconsideration in the 2011 case is, in my view, a frail justification for declining jurisdiction. Most appellate review is conducted without the benefit of such knowledge.
¶28 As the majority notes, the state did not file a written motion to dismiss, and it did not offer good cause for the dismissal. It is true that if the court had detected lack of merit in the oral motion and denied it, the resulting trial would have vindicated Earl’s Rule 8 rights. But the court granted the motion, and proceedings on reconsideration would have taken the case beyond the last day under Rule 8, effectively giving the state a continuance during which it could have prepared for trial. It seems odd to fault Earl for not pursuing a motion that would have had the practical effect of denying him the very rights he seeks to vindicate. Cf Jimenez v. Chavez, 234 Ariz. 448, 323 P.3d 731 (App.2014).
¶29 The majority disapproves of the fact that Earl seeks a more “extreme” remedy than that to which he would have been entitled had the court denied the state’s motion to dismiss — instead of proceeding to trial on the first charge, he seeks dismissal of the second. But the trial court itself contemplated Earl’s right to seek such a remedy when it ruled without prejudice to seek relief on “double jeopardy” grounds. (Even if double jeopardy relief was legally unavailable in this context, the court clearly expressed its view that dismissal with prejudice was a possible remedy.) Even if the majority would not grant Earl the relief he seeks, there appears to me no justification for declining jurisdiction.
¶ 30 More troubling is that the majority has not spelled out a path to appellate review for defendants who find themselves in this situation. An appeal of a dismissal without prejudice is legally impossible, as is an appeal filed in the subsequent case. See Paris-Sheldon, 214 Ariz. 500, 154 P.3d 1046. A motion for reconsideration would deprive the defendant of the very right he seeks to vindicate when the state seeks dismissal close to the last day under Rule 8. A special action naming the first trial judge as respondent would not meet with favor, because the defendant would not yet have exhausted the rights the trial court preserved for him in the second prosecution. I cannot divine from the majority opinion or the special concurrence any practical means of redress for this clear end-run around Rule 8.
*583 THE MERITS
¶ 31 Earl argues that with a “last day” of August 23 approaching, the state dismissed the charge because after hearing his account at the settlement conference, it realized that it was unprepared to go to trial on August 8 on theft-by-misrepresentation. He correctly points out that a theft charge need not specify the particular subsection of the theft statute the defendant is accused of violating. See State v. Brown, 204 Ariz. 405, 408-09, ¶ 13, 64 P.3d 847, 850-51 (App.2003) (“§ 13-1802 creates a single crime of theft, combining or merging the common law crimes of larceny, fraud, embezzlement, obtaining money by false pretenses, and other similar offenses.” (citation omitted) (internal quotation marks omitted)). And due process does not require the state to specify the manner in which the alleged theft occurred. See State v. Winter, 146 Ariz. 461, 465, 706 P.2d 1228, 1232 (App.1985) (“[A] general citation of the theft statute in the indictment suffices to charge a violation of its subparts.”), abrogated on other grounds by State v. Kamai, 184 Ariz. 620, 911 P.2d 626 (App.1995).
¶ 32 In response to Earl’s petition for special action, the state does not argue that the new theory of the case required it to dismiss and refile the charge. Indeed, it offers no rebuttal to Earl’s argument that it was not required even to amend the charge to spell out its changed theory. The purpose of the dismissal and refiling is clear: The state was unprepared to proceed to trial on the scheduled date, and its chosen procedure enabled it to obtain the functional equivalent of a continuance without demonstrating good cause to the court.
¶ 33 Rule 8 requires the prosecution to be prepared to proceed to trial before the last day. The prosecution must diligently determine the facts and the applicable law so that if a mistake in the charging document needs to be corrected, the state can move for leave to amend the charge within the time limits imposed by Rules 13.5(b) and 16. And when the state affirms its readiness for trial, it should be held to its avowal. Jimenez, 234 Ariz. at 450, ¶ 20, 323 P.3d at 733.
¶ 34 Under Rule 16.6(a), the state may move to dismiss without prejudice only if the court finds that the purpose of the dismissal is not to avoid Rule 8 time limits. If the prosecution discovers that it is unprepared for whatever reason to begin trial before the last day, it may move pursuant to Rules 8.5 and 8.4(e) to continue the trial and have the delay excluded from the Rule 8 time limit. Such a motion “must be in writing and state with specificity the reason(s) justifying the continuance.” Ariz. R.Crim. P. 8.5(a). The superior court may grant a motion to continue “only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice.” Ariz. R.Crim. P. 8.5(b).
¶ 35 Here, the state chose not to move for a continuance to allow time to develop a new theory of the case — such a continuance would have thwarted the purpose of Rule 8, and likely would not have been granted. Instead, it dismissed the charges after it had already filed a “new” charge under the identical statute, thereby granting itself a substantial extension of time and evading Rule 8 entirely.
¶ 36 The practical effect of the state’s conduct in this case was to secure the exact result that Rule 8 is designed to avoid. If the rule is to have meaning, then courts cannot sit silent as the state maneuvers around it. By allowing the state to employ this procedure, the court not only renders the rule ineffective, it actually rewards the state for failing to prepare to begin trial before the last day.
¶ 37 My conclusion that the court erred in denying Earl’s motion to dismiss does not end the inquiry. Rule 16.6(d) provides that “[dismissal of a prosecution shall be without prejudice to commencement of another prosecution, unless the court order finds that the interests of justice require that the dismissal be with prejudice.” The cases make clear that although several factors may be relevant, a defendant who demonstrates a violation of Rule 8 is not entitled to dismissal with prejudice absent proof that he incurred prejudice from the violation. See State v. Mendoza, 170 Ariz. 184, 191-92, 823 P.2d 51, 58-59 (1992); State v. Gilbert, 172 Ariz. 402, 404, 837 P.2d 1137, 1139 (App.1991) (“The most important factor to consider in whether a dismissal should be with or without prejudice *584 is whether delay in the prosecution will result in prejudice to the defendant.”).
¶ 38 Earl argues he was prejudiced because by refiling the charge against him, the state was able to escape the results of “its own lack of diligent preparation and marshal additional evidence to support another theory of theft.” Although that is true, Earl cites no authority requiring dismissal with prejudice simply because a Rule 8 violation allows the state to overcome what would have been a tactical disadvantage at trial. In State v. Vasko, 193 Ariz. 142, 147, ¶ 22, 971 P.2d 189, 194 (App.1998), we stated, “[t]he specific test for prejudice when a speedy trial violation occurs is whether defendant has shown that his defense has been harmed by the delay; it is not sufficient for a defendant to contend that the state may not have made its case had the trial proceeded without the continuance.” Earl also argues that he experienced continuing expense and anxiety by the delay, and his liberty and freedom were constrained by the conditions of his pretrial release.
¶39 I would therefore grant relief and remand the case to the superior court to enable it to evaluate Earl’s claim of prejudice. To demonstrate sufficient prejudice, Earl would not need to establish that he would have been acquitted if he were tried on the original charge on August 8. But he would be required to demonstrate that his defense was harmed in a material way by the violation of Rule 8, and in considering that question, the court could take into account the totality of such harm — including the burden imposed on him by facing criminal charges for a period of time in excess of that which the rule contemplates. The command of Rule 8 is not empty, and when a defendant is demonstrably harmed by its violation, the superior court should dismiss with prejudice.
¶ 40 For these reasons, I respectfully dissent. I would accept jurisdiction and grant the limited relief detailed above.