NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SARAH R. CUEVAS, *Appellant.*

No. 1 CA-CR 19-0543
FILED 10-20-2020

Appeal from the Superior Court in Maricopa County
No. CR2017-001700-001
The Honorable Sally Schneider Duncan, Judge
The Honorable John C. Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Casey D. Ball
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge David D. Weinzweig joined.

_____

**W I L L I A M S**, Judge:

¶1          Sarah R. Cuevas ("Cuevas") appeals her convictions and sentences for child molestation. For reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2          One evening in late 2013 or early 2014, Cuevas inappropriately touched a minor's vagina; first as the minor (who was eleven years old) slept in bed and again when the minor moved to the floor. When the victim returned to the bed, Cuevas joined her and fell asleep. The victim lived part-time with her mother, who found the two in the same bed the next morning and became upset. Cuevas, who lived in a neighboring apartment, promptly left.

¶3          The victim first told her mother that nothing happened, but she provided more information in 2015. Police were not contacted. The following year, however, the victim told her stepmother about the incident and police were contacted. The State charged Cuevas with two counts of molestation of a child, both Class two felonies and dangerous crimes against children.

¶4          Before trial, the State moved to introduce evidence of other acts and prior aberrant behavior relying upon Arizona Rules of Evidence 404(b) and (c). The other act evidence involved a second victim who reported a similar incident involving Cuevas. The second victim, then twenty-seven years old, was intoxicated and unconscious when Cuevas removed her swimsuit and digitally penetrated her, causing the victim to wake. After two evidentiary hearings, the superior court admitted this evidence under Rule 404(c). Eight months later, Cuevas unsuccessfully moved to reconsider, arguing the court failed to provide specific findings. *See* Ariz. R. Evid. 404(c)(1)(D).

¶5          The jury found Cuevas guilty as charged. Cuevas was sentenced to 10 years imprisonment on both counts to run concurrently.

This timely appeal followed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶6**   Cuevas argues the superior court erred by admitting other act evidence without making the required findings under Rule 404(c)(1)(B) and (C). We review the admission of other act evidence for an abuse of discretion, *State v. Yonkman*, 233 Ariz. 369, 373, ¶ 10 (App. 2013), and will uphold a decision if there is "any reasonable evidence in the record to sustain it." *State v. Morris*, 215 Ariz. 324, 341, ¶ 77 (2007) (quoting *State v. Veatch*, 132 Ariz. 394, 396 (1982)).

**¶7**   As an exception to the general rule prohibiting propensity evidence, Rule 404(c) "permits the admission of evidence of uncharged acts to establish 'that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged.'" *State v. Garcia*, 200 Ariz. 471, 475, ¶ 26 (App. 2001) (quoting Ariz. R. Evid. 404(c)). Before admitting such evidence, Rule 404(c)(1) requires the court to find:

> (A) The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.

> (B) The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.

> (C) The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403.

**¶8**   Cuevas concedes the court made sufficient findings for element (A). Therefore, we consider only the sufficiency of the court's findings for elements (B) and (C).

*I.*  *Sufficient Evidence Existed and Sufficient Findings Were Made to Establish an Aberrant Sexual Propensity*

**¶9**   Cuevas first challenges the superior court's aberrant sexual propensity finding under Rule 404(c)(1)(B). Both experts who testified at the Rule 404 evidentiary hearing, including Cuevas' own expert, acknowledged that performing a nonconsensual sexual act on an unconscious individual constituted an aberrant sexual propensity. And

though Cuevas points to a lack of empirical research supporting expert testimony discussing "somnophilia," no such diagnosis was made or required for the court to find an aberrant sexual propensity. *See* Ariz. R. Evid. 404 cmt. to 1997 amend. ("[An] expert who is testifying pursuant to Rule 404(c) is not required to state a diagnostic conclusion concerning any aberrant sexual propensity of the defendant so long as his or her testimony assists the trier of fact and there is other evidence which satisfies the requirements of subsection (1)(B)"); *see also State v. Bailey*, 125 Ariz. 263, 265 (App. 1980) (holding expert testimony indicating that prior bad acts reflect propensity is not required when acts are similar and sufficiently near in time to offense charged).

**¶10** Because the charged offense and evidence regarding the second victim both involved a nonconsensual sexual act on an unconscious individual, a reasonable basis existed to infer that the act against the second victim demonstrated Cuevas had an aberrant sexual propensity to commit a similar act against the victim here. And to the extent the court's findings were not sufficiently clear, the court clarified in denying Cuevas' motion to reconsider that "the other act evidence provides a reasonable basis to infer that the Defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged." Reasonable evidence supports the court's findings, which sufficiently complied with the requirements of Rule 404(c).

II.   *The Court Made Sufficient Findings to Support its Conclusion that the Danger of Unfair Prejudice from the Other Act Evidence was Not Substantially Outweighed by its Probative Value*

**¶11** When conducting an analysis to determine whether the probative value from the admission of the other act evidence is substantially outweighed by the danger of unfair prejudice, Rule 404(c) requires the court consider, and make specific findings, for each of the following factors:

> (i) remoteness of the other act; (ii) similarity or dissimilarity of the other act; (iii) the strength of the evidence that defendant committed the other act; (iv) frequency of the other acts; (v) surrounding circumstances; (vi) relevant intervening events; (vii) other similarities or differences; [and] (viii) other relevant factors.

Ariz. R. Evid. 404(c)(1)(C).

¶12        Cuevas contends the other act evidence was highly prejudicial because the "facts were inflammatory," and affected the jury. "But not all harmful evidence is unfairly prejudicial. After all, evidence which is relevant and material will generally be adverse to the opponent." *State v. Schurz*, 176 Ariz. 46, 52 (1993). Cuevas also speculates the other act evidence created "unfair prejudice" based upon juror questions about her sexual orientation. "Unfair prejudice" refers to an undue tendency to suggest conviction on an improper basis. *See* Fed. R. Evid. 403, Advisory Committee Note; *see also Schurz*, 176 Ariz. at 52. There is simply nothing in the record to suggest the jury convicted Cuevas based upon her sexual orientation.

¶13        Cuevas also argues the evidence was too dissimilar in nature, distinguishing, among other things, the act involving the minor victim from the act involving the adult victim: (1) one was a pre-pubescent 11-year-old girl while the other was a 27-year-old woman, (2) alcohol was only involved with the adult victim, (3) the adult victim and Cuevas were peers and friends, and (4) the act with the adult victim occurred at Cuevas' own apartment, not at the victim's home.

¶14        The court recognized and considered the age difference but concluded that the similarities of both acts by Cuevas, involving the nonconsensual touching of two females in the vaginal area while unconscious, outweighed other dissimilarities. "Acts need not be perfectly similar in order for evidence of them to be admitted under Rule 404[c]." *State v. Lehr*, 227 Ariz. 140, 147, ¶ 21 (2011) (concluding, *inter alia*, that other act evidence with "extensive similarities" were admissible despite other differences in circumstance, including varied age of victims, involved in such acts).

¶15        And although Cuevas does not challenge the court's additional findings, the court explained its reasoning in sufficient detail to conclude that the other acts were admissible under Rule 404(c). Specifically, the court explained: (1) performing the sexual act "on an unconscious, nonconsensual person is aberrant behavior"; (2) the other act was not remote where there were two years between the events, and cases found to be not remote exist and discuss similar issues with gaps of time upwards of 20 years; (3) the similarities of performing sexual acts on a sleeping victim outweigh the dissimilarities; (4) with regard to strength of the evidence, "it's certainly sufficient for the jury to find by clear and convincing evidence that it happened"; (5) here, there was only one act which, "does diminish, to a certain extent, the relevancy, [and] the weight of the evidence . . . "; (6) "[t]he [c]ourt[] considered the surrounding circumstances of the

404[(c)(1)](C) evidence in weighing its evidentiary value and whether the jury could find it . . . [b]ut any other surrounding circumstances are not particularly relevant to the 403 analysis"; (7) there was no evidence of relevant intervening events; (8) age was the biggest dissimilarity.

**¶16**　　　　The "[superior] court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice" and, therefore, has broad discretion in its decision. *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21 (App. 1998). On this record, the court made sufficient findings, which were reasonably supported by the evidence, in admitting the other act evidence under Rule 404(c)(1)(B) and (C).

## CONCLUSION

**¶17**　　　　For the forgoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AA