19664. O'NEAL *v.* THE STATE.

ARGUED APRIL 9, 1957—DECIDED MAY 13, 1957.

*Francis Houston, W. P. Strickland, Jr.,* for plaintiff in error.

*Dewey Hayes, Solicitor-General, Eugene Cook, Attorney-General, J. R. Parham, Assistant Attorney-General,* contra.

WYATT, Presiding Justice. 1. In so far as the general grounds of the motion for new trial are concerned, the only contention is that the State failed to prove malice. Cases in which the state-

ment is contained that, if the defendant admits the killing, but at the same time and as a part of the statement states facts of justification, "no presumption that the homicide was murder would arise on such admission," among these cases being *Futch* v. *State,* 90 *Ga.* 472 (8) (16 S. E. 102), differ on their facts from the instant case. Here, a witness, Mary Lou Sloan, testified: "I saw Clarence O'Neal at my house about a mile from where Clarence and Curlie lived about 12 o'clock on the night Curlie was killed. I was in bed. Clarence came in with Red and James Sloan. James is my husband. After a while Clarence looked back to me and asked me if I had a knife. I told him 'No.' He then said, 'Ain't you got a knife or ice pick or nothing?' and I said, 'No, I don't have nothing.' I asked him what he wanted with anything like that, and he said he was going to kill Curlie Gray that night."

There was evidence that about two hours later, he did kill Curlie Gray. There was also evidence of a previous difficulty between the defendant and the deceased the night of the killing. Certainly this evidence was sufficient to authorize the jury to infer malice. It follows, there is no merit in the general grounds of the motion for new trial.

2. Special grounds 4 and 5 of the motion will be considered together. Ground 4 complains of the admission in evidence of a picture of the outside of the house where the killing was alleged to have happened. Ground 5 complains of the admission in evidence of a picture of the inside of the house. These two pictures, showing the location of the doors on the outside of the house, and the condition of the room where the killing is alleged to have occurred, were certainly admissible in evidence, and it was not error to admit them. There is no merit in these two special grounds.

3. Special ground 6 of the motion for new trial complains because the trial judge charged the jury the law of confessions. It is contended there was no evidence of a confession. The evidence disclosed that the defendant on three occasions after the killing and before the trial made statements to the effect that he admitted he administered the blows that resulted in the death of Curlie Gray; but in each of these statements he stated circum-

stances which, if true, would have been sufficient to justify the killing in order to protect his own life. His statement to the jury was to the same effect.

"A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. A statement which admits the commission of an act, but which also gives legal excuse or justification, is not a confession." *Owens* v. *State*, 120 *Ga.* 296 (2) (48 S. E. 21). "Where, upon the trial of one accused of homicide, the accused admitted the killing of the deceased, but claimed that he was justified in so doing, a charge on the law of confessions was unauthorized." *Harris* v. *State*, 152 *Ga.* 193 (6) (108 S. E. 777). "But if the accused makes an extrajudicial statement, in which he admits the homicide of which he is charged, but couples the admission with a statement of facts or circumstances which shows excuse or justification, such statement is not a confession of guilt, and it is error to charge the law of confessions." *Pressley* v. *State*, 201 *Ga.* 267, 271 (39 S. E. 2d 478).

It follows from what has been said above, the statements made by the defendant in the instant case did not amount to a confession, and it was error to charge the law of confessions.

4. Special ground 7 complains that the charge given to the jury on the question of good character was not sufficiently explicit. The defendant in his statement put his character in evidence. The charge about which complaint is made reads as follows: "The defendant, gentlemen, in this case by his statement has put in issue his character in reference to the particular kind of offense for which he is on trial. The issue as to the character of the defendant in reference to the particular kind of offense for which he is on trial can be raised only by the defendant himself, and when thus raised and put in issue it is the duty of the jury to take into consideration all the facts and circumstances as to the defendant's character for the particular kind of offense for which he is on trial as disclosed by the statement of the defendant and the evidence introduced on that subject along with all the other facts and circumstances in considering the guilt or innocence of the defendant, and if, in doing this, you believe

the defendant guilty beyond a reasonable doubt, you should convict." The contention is that the trial judge should have gone further and charged the jury to the effect "that good character is of itself a positive, substantive fact and may of itself be sufficient to generate in the minds of the jury a reasonable doubt as to the guilt of the accused."

There is no contention that this charge did not state a correct abstract principle of law. If the defendant desired a further charge on this subject, he should have submitted a written request, and, since he did not do so, the charge complained of was not error. See *Keys* v. *State*, 112 *Ga.* 392 (37 S. E. 762, 81 Am. St. R. 63), and *Jones* v. *State*, 130 *Ga.* 274 (60 S. E. 840).

It follows from what has been said above in division 3 of this opinion, the judgment denying a new trial was error, and for the reasons there stated, the judgment of the trial court must be reversed.

*Judgment reversed. All the Justices concur.*