### 66670. WISEMAN v. THE STATE.

POPE, Judge.

Appellant, J. R. Wiseman, was initially tried in 1981 in Lowndes County Superior Court where he was convicted of murder. However, on appeal he was granted a new trial by the Supreme Court of Georgia. *Wiseman v. State,* 249 Ga. 559 (292 SE2d 670) (1982). At the conclusion of that trial on November 2, 1982 appellant was found guilty of voluntary manslaughter and sentenced to 20 years to serve. He now brings this appeal. *Held:*

1. Appellant's first enumeration of error cites the general grounds. Appellant admits shooting the victim but argues that he was acting in self-defense. The evidence shows that on December 30, 1980

the appellant and the victim, who was appellant's landlord, got into an argument over a leaking pipe which needed fixing in appellant's bathroom. The argument took place in the home of the appellant. A next door neighbor, Mrs. Aretha Drye, was summoned by appellant's wife to break up the argument. In doing so Mrs. Drye sent the victim home. As the victim was walking across appellant's backyard to his own adjoining backyard, appellant came out of his back door following the victim. Appellant twice called the victim's name and then proceeded to shoot the victim to death.

Appellant testified that the victim hit him with a crescent wrench and was about to hit him again when he shot the victim in self-defense. However, three witnesses testified that appellant came out of the backdoor, called the victim's name twice and then proceeded to shoot. These same witnesses testified that they never saw the victim hit the appellant with a crescent wrench. We find this evidence more than sufficient for any rational trier of fact to have found appellant guilty of voluntary manslaughter beyond a reasonable doubt. *Bernard v. State,* 163 Ga. App. 570 (1) (295 SE2d 546) (1982).

2. Appellant contends that the trial court erred in allowing into evidence a prior committal hearing transcript of the testimony of Gloria Wiseman, wife of appellant, after she refused to testify against her husband under the spousal privilege. Appellant did not object at trial, and "[i]t is well settled that matters not objected to at trial cannot be raised for the first time on appeal. [Cit.]" *Fluellen v. State,* 163 Ga. App. 425, 426 (294 SE2d 653) (1982).

3. Appellant in his third enumeration of error alleges that the trial court erred in declaring the state's witness, Mrs. Aretha Drye, medically inaccessible and in allowing her prior recorded testimony to be read to the jury. However, appellant raised no proper objection at trial. Thus, in accordance with Division 2, this enumeration has no merit.

4. Appellant's fourth enumeration of error alleges that the trial court erred in admitting into evidence photographs 6 and 9 through 15. Appellant argues that the photographs are immaterial, irrelevant and unnecessarily prejudicial. However, from early times the Georgia appellate courts have followed a liberal policy toward the allowance of photographic evidence. See *Carnes v. State,* 115 Ga. App. 387 (7) (154 SE2d 781) (1967).

In the instant case photograph 6 was of two buckets of water mixed with blood found at the scene of the shooting. Photographs 9 through 15 depicted a trail of blood along the route the victim took from the scene of the crime to the interior of his residence. We find these photographs relevant and material and thus admissible " 'for

the purpose of explaining and applying the evidence and assisting the court and jury in understanding the case.' " *Jackson v. State,* 225 Ga. 39, 47 (165 SE2d 711) (1969). Accord, *Street v. State,* 237 Ga. 307 (6) (227 SE2d 750) (1976); *O'Neal v. State,* 213 Ga. 232 (2) (98 SE2d 376) (1957). The trial court did not err in allowing the photographs into evidence.

5. Appellant's last enumeration of error alleges that the trial court violated the rule of sequestration by allowing the investigating officer to testify in rebuttal for the state after the court had allowed him to remain in the courtroom throughout the trial to assist the prosecutor. The state had requested that the investigating officer be allowed to remain in the courtroom to assist with the presentation of the case. Appellant stated that he had no objection, provided that the investigating officer testified first. The investigating officer did testify first, but the state recalled the officer at the conclusion of appellant's case as a rebuttal witness.

Enforcement of the rule of sequestration is vested in the discretion of the trial court. Unless that discretion has been abused, a trial court's decision will not be reversed by this court on appeal. *Davis v. State,* 242 Ga. 901 (3) (252 SE2d 443) (1979). We find no abuse of discretion here. See *Laney v. State,* 159 Ga. App. 609 (8) (284 SE2d 114) (1981); *Floyd v. State,* 156 Ga. App. 741 (2) (275 SE2d 786) (1980).

In any event, our Supreme Court has recently held: "In criminal cases, the violation of the rule of sequestration by *any* witness either for the defense or for the prosecution goes to the credibility rather than to the admissibility of the witness' testimony. [Cits.]" *Blanchard v. State,* 247 Ga. 415, 417 (276 SE2d 593) (1981).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 3, 1983.

*H. B. Edwards III,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.