## 41626. STEWART v. THE STATE.
(326 SE2d 763)

CLARKE, Justice.

Leroy Stewart was convicted of the murder of his wife and sentenced to life imprisonment.[1] On February 25, 1983, the Stewarts' next door neighbor heard Martha Stewart call for help. She called the police. When officer Larry Edwards approached the house she heard Leroy Stewart say, "One move or one more step and you're dead." She then heard a loud blast and called the police again. Another neighbor looked out of her window after hearing the shotgun blast and saw Martha Stewart lying on the front porch. Another witness testified that he heard a gunshot and then saw two figures struggling on the porch.

Officer Larry Edwards who answered the call to the Stewart house on February 25, 1983, testified that after he knocked on the door of the Stewart house Martha Stewart came out onto the porch. As she was walking out a shotgun blast went off. Edwards grabbed the gun from Mr. Stewart after it went off, disarmed him and placed

---

[1] The shooting occurred on February 25, 1983. Stewart was indicted May 4, 1983 and convicted December 15, 1983. A motion for new trial was filed January 6, 1984, amended June 18, 1984, and denied July 19, 1984. The notice of appeal was filed August 7, 1984. The case was docketed in this court October 17, 1984 and submitted for decision November 30, 1984.

him under arrest. The officer who transported Stewart to the police station testified that Stewart, having asked about his wife's condition, remarked, "I wanted to kill myself, too, but, ya'll didn't give me enough time."

Leroy Stewart testified that at the time of the shooting he and his wife were divorced and seeking a reconciliation. He claimed that the shooting was accidental and that the shotgun went off when Officer Edwards grabbed it.

We find the evidence of Stewart's guilt sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and affirm the judgment.

1. In his first enumeration of error appellant complains that on voir dire the court would not allow him to ask a juror whether he would give more credence to the testimony of a law enforcement officer than to that of other witnesses. Here, even if the court erred in refusing to allow the question on voir dire, the error was harmless in view of the fact that the juror was in fact excused for cause.

2. Appellant next enumerates as error the fact that the judge mentioned to the jury that the state had not sought the death penalty. This is not error. *Waters v. State*, 169 Ga. App. 290 (312 SE2d 812) (1983). There was no misstatement of fact and no expression of opinion by the trial court. Thus the statement by the court did not constitute error. Appellant complains that for the jury to be informed that the death penalty was not sought tended to minimize the seriousness of the life sentence. This argument is without merit.

3. The third enumeration of error, that the court erred in admitting photographs which showed blood and tissue on the porch which was the scene of the shooting is also without merit. Photographs which show the scene of the crime are generally admissible because they are relevant and material. *Wiseman v. State*, 168 Ga. App. 749 (310 SE2d 295) (1983); Accord *Jackson v. State*, 225 Ga. 39 (165 SE2d 711) (1969).

4. Appellant complains that the trial judge failed to excuse a juror when the judge discovered during the trial that she was acquainted with the appellant's daughter-in-law. The judge interviewed the daughter-in-law and concluded that there was no prohibition against the juror serving. The juror in question had responded negatively when asked on voir dire whether she knew any member of appellant's family. On motion for retrial she gave an affidavit in which she indicated that she did not know the daughter-in-law's married name, knew her only casually, and realized who she was only when she sat down with appellant's son.

We find no abuse of discretion here. After appellant discovered that one of the jurors might know appellant's daughter-in-law, the daughter-in-law was questioned and testified the juror had been a

friend of her sister some four years before the trial and that her relationship with the juror was merely a speaking acquaintanceship. They had passed without recognition in the hall during the trial. The juror was not questioned, the judge finding that this would do more harm than good.

5. Appellant's fifth enumeration of error, the refusal to admit an exhibit, has been abandoned pursuant to Rule 45 of the rules of this court.

6. In his sixth enumeration of error appellant contends that the court erred in charging on criminal negligence in a case where the offense charged was murder. He argues that the charge was particularly damaging because the state had argued that reckless disregard amounted to malice. A charge on criminal negligence was appropriate. OCGA § 16-2-2 provides that a person shall not be found guilty of a crime committed by misfortune or accident where it appears that there was no criminal scheme or undertaking, intention, or criminal negligence. Appellant requested this charge, and he cannot now complain that the court explained one of the terms which appeared in it. The trial judge fully charged on malice when he charged on murder and also charged on voluntary and involuntary manslaughter.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 1985 —
REHEARING DENIED APRIL 2, 1985.

*Calhoun, Hubbard, Riddle & Cox, John R. Calhoun,* for appellant.

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.,* for appellee.