## 44739. MOSLEY v. THE STATE.
(359 SE2d 653)

CLARKE, Presiding Justice.

Appellant Ernest T. Mosley shot the victim Leonard Luster on

June 28, 1986.[1] The shooting occurred following an exchange of insults between appellant's nephew and the victim about the sexual proclivities of their two dogs, a chihuahua and a husky, in which each insisted that the other's dog was a "faggot" and that his own dog was superior. As the argument grew heated, the victim threatened to "stop" or "stomp" the nephew's heart. The appellant walked to his car and got a gun which he put into his pocket. Shortly thereafter, according to appellant's testimony, the victim shoved him. Appellant shot and killed the victim.

Appellant was convicted following a jury trial and sentenced to life imprisonment. He appeals his conviction, asserting that the evidence does not support the verdict, that the court erred in not charging the jury on manslaughter, that the widow of the victim was not sequestered after she testified, and that a juror did not divulge the fact that he knew the victim's widow when the panel was asked on voir dire whether any of them knew her. We affirm.

1. Appellant's sole defense at trial was self-defense. He argues that the evidence did not support the verdict of murder. He contends that the evidence that he and the victim had been introduced only hours before the shooting, that he was not involved in the argument between his nephew and the victim concerning his nephew's dog which resulted in the victim threatening his nephew and appellant's arming himself by putting a pistol in his pocket, and that the victim shoved appellant and threw open his coat in a manner which suggested that he intended to reach for a gun, supports his claim of self-defense. However, the evidence that appellant was guilty of malice murder was sufficient so that ". . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that the court erred in not charging the jury on voluntary manslaughter. The evidence indicated no provocation of appellant and no participation by appellant in the argument which preceded the shooting. The appellant testified that "I didn't have no anger." However, even if the evidence had justified a charge on voluntary manslaughter, there was no written request for such a charge. A trial judge never errs in failing to include a charge on a lesser included offense unless there is a written request to charge. *Daniel v.*

---

[1] The crime occurred on June 28, 1986. Appellant was indicted on August 27, 1986. He was convicted of murder on November 18, 1986, following a jury trial and sentenced to life imprisonment on the same day. Appellant filed a motion for new trial December 9, 1986; the motion was denied May 22, 1987. The transcript was certified by the court reporter on December 16, 1986. The notice of appeal was filed May 26, 1987, the case was docketed in this court June 9, 1987, and submitted for decision July 24, 1987.

*State*, 248 Ga. 271 (282 SE2d 314) (1981); *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976).

3. The trial court did not abuse its discretion in allowing the widow of the victim to remain in the courtroom after testifying. *Stevens v. State*, 247 Ga. 698 (278 SE2d 398) (1981). She did not testify again, and there is no indication that she caused any outburst or exhibited any behavior prejudicial to the appellant.

4. Appellant insists that he is entitled to a new trial because of a juror's inaccuracy in answering a question during voir dire concerning whether he knew the victim's wife. In the absence of a showing of some prejudice other than the possible opportunity to exercise a knowledgable peremptory challenge, the court's refusing to grant a new trial because of juror inaccuracy will not constitute an abuse of discretion. *Jones v. State*, 247 Ga. 268 (275 SE2d 67) (1981), cert. denied 454 U. S. 817. There was no showing of prejudice here. Further, there was no showing of bad faith or deliberate attempt to mislead on the part of the juror who had known the victim's wife under her maiden name. There was no abuse of discretion on the part of the trial judge in refusing to grant a new trial. See also *Stewart v. State*, 254 Ga. 233 (326 SE2d 763) (1985).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Robert Blevins Royce,* for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.