783 P.2d 1221

**STATE of Arizona, Appellee,**

v.

**Charles Ladell DAWSON, Appellant.**

No. 1 CA–CR 88–506.

Court of Appeals of Arizona,
Division 1, Department D.

Oct. 5, 1989.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Criminal Div. and Paul J. McMurdie, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

## OPINION

FIDEL, Judge.

The defendant was charged with first degree murder. The jury convicted him of second degree murder. On appeal, defendant argues that the trial court erred by informing the jury panel during jury selection that the prosecution had agreed not to seek the death penalty. We approve the trial court's statement and affirm.

## I. FACTS AND ALLEGED ERROR

Defendant killed his girlfriend at the Phoenix apartment that they shared. He placed a gun to the back of her head and shot her, and almost instantly she died. Defendant claimed that he believed the gun unloaded and that he panicked when it fired. He fled the apartment, left the city, and was arrested ten days later at his father's Texas home.

Defendant returned to Arizona to stand trial. During jury selection, the trial judge stated:

> In this particular case the charge is ... murder in the first degree.... [C]ounsel have stipulated that this cannot be considered a capital case, and by that I mean that the state would not seek, and the court would not impose if the defendant were convicted of the crime, the death penalty.
>
> The reason I'm telling you this now, even though the jury has nothing to do with punishment, there are some people ... who have strong philosophical and some have even strong moral feelings about the imposition of capital punishment and death penalty in any kind of case. Some of those people might have some difficulty being involved in a process of factual determination which might ... allow a capital punishment to be imposed.

In *State v. Olsen*, 157 Ariz. 603, 608, 760 P.2d 603, 608 (App.1988), we held that it is generally improper to inform the jury about the potential punishment a defendant faces upon conviction. "To allow the jury to consider the possible punishment would be to allow them to base their decision on sympathy, passion or prejudice." *Id.*

It is likewise improper, defendant argues on appeal,[1] to inform the jury that a defendant does not face the risk of a death sentence in the event of conviction. To do so, defendant argues, makes it easier for the jury to convict.

## II. DISCUSSION

Defendant did not object at trial to the comments he challenges on appeal. To the contrary, the prosecutor advised the trial court before jury selection, and defense counsel confirmed, that the parties had stipulated "that prospective jurors should be advised up front that the State is not seeking the death penalty." In the course of discussion, defense counsel voiced a reservation: "[I]t does trouble me that the jury is going to be instructed what the punishment will not be and then at the end of the case instructed not to consider punishment after they have been told what it is." Yet counsel reiterated her stipulation. Her reservation at most alerted the trial court to its responsibility to avoid fundamental error.

We find no error, fundamental or otherwise. The trial court recognized that the jury panel might include members disposed against capital punishment. It sought to relieve the risk that jurors so disposed might be distracted in considering issues of guilt by the concern that, in the event of a guilty verdict, the death penalty might result. *See Burgess v. State*, 444 N.E.2d 1193, 1196 (Ind.1983). It sought likewise to relieve the risk that panel members so disposed might unnecessarily seek disqualification "upon the mistaken belief that they would be called upon to make a life or death decision." *Id.* Assessing this latter risk, the trial court stated: "[By] advis[ing] the jury up front that the State is not requesting the death penalty as punishment, ... in my opinion, ... one gets a broader-based jury." We fully agree.

Other courts have drawn the same conclusion. In *Burgess v. State*, the Supreme Court of Indiana approved an instruction like that given in this case. Similar instructions have been approved by the Supreme Court of Georgia, *Stewart v. State*, 254 Ga. 233, 234, 326 S.E.2d 763, 764 (1985); the Supreme Court of New Mexico, *State v. Martin*, 101 N.M. 595, 605, 686 P.2d 937, 947 (1984); and the California Court of Appeal, *People v. Hyde*, 166 Cal.App.3d 463, 479–80, 212 Cal.Rptr. 440, 450–51 (1985). We approve Judge Goodfarb's reasons as sound and his comment to the jury as proper. Though the comment was supported by the stipulation of counsel, we would approve it even if the trial court had acted on its own initiative.

We have reviewed for fundamental error and find none. The judgment of guilt and the aggravated 17.5 year sentence of imprisonment are affirmed.

KLEINSCHMIDT, P.J., and GRANT, C.J., concur.

---

**1.** This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for the defendant asked the court to search the record for fundamental error pursuant to A.R.S. § 13–4035. Counsel designated the issue we address in this opinion as an arguable issue. We ordered the state to respond and defense counsel to reply.