836 P.2d 997

**The STATE of Arizona, Appellee,**

v.

**Alejandro MEDINA, Appellant.**

**No. 2 CA–CR 91–0504.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 13, 1992.

Review Denied Oct. 6, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Diane M. Ramsey and Joseph T. Maziarz, Phoenix, for appellee.

D. Jesse Smith, Tucson, for appellant.

OPINION

LIVERMORE, Chief Judge.

Taking the evidence in the light most favorable to sustaining the convictions, defendant asked Gilbert Rascon, the fifteen-year-old brother of his girlfriend to find someone to furnish a car to haul a load of marijuana to be smuggled from Mexico. Gilbert asked his school classmate, Alan Altamirano, also fifteen, for assistance. Alan, in turn, induced Chris Rivas, seventeen years old, to use his car. Alan and Chris went to the Rascon home on the night of January 7, 1991. Defendant joined them in Chris's car and directed them to a remote location in Nogales where the marijuana was to be picked up. Chris and Alan agreed with Noel Bernal that he could use Chris's car for $1,000. Defendant left and walked home. Chris and Alan took Bernal's car on the understanding that they would exchange it for Chris's car after the marijuana had been delivered. Shortly thereafter, Bernal was stopped by police and, while trying to escape, shot and killed a policeman before he himself was killed by return police fire. On these facts defendant was charged with and convicted of possession of, transportation of, and conspiracy to possess and transport marijuana for sale, use of minors to transport and possess marijuana, and felony murder. He was sentenced to life imprisonment for felony murder and to presumptive terms of imprisonment of five and seven years on five counts, all to be served concurrently with each other and with the life sentence.

Defendant's primary arguments relate to the propriety of the felony murder conviction. That conviction, however, rests initially on a conviction for use of minors in a drug transaction which is also asserted to be in error. A.R.S. § 13–3409 prohibits the knowing use of a minor to violate the provisions of § 13–3405 forbidding possession or transportation of marijuana for sale. Defendant first argues that there is insufficient evidence that he knew that Altamirano and Rivas were under the age of eigh-

teen. We disagree. Defendant knew Rascon was fifteen and based on all the evidence the jury could conclude that defendant knew that Rascon had turned to his school friends for assistance. From this the jury could infer that defendant knew that both boys were under age. The jury also saw Altamirano testify and could infer from his appearance that defendant knew his age. Finally, of course, defendant could be convicted of the offense if he knew any of the boys were under age, and he admitted that he knew Rascon's age.

■ Defendant next argues with reference to Rascon, but in terms equally applicable to Rivas and Altamirano, that guilt under § 13–3409 can only occur if the minor actually possesses or transports marijuana. No authority is cited for the proposition that accomplice liability does not apply. The legislative purpose was to prevent minors from being used in drug transactions at all, not simply to prohibit their use in certain ways.

■ A.R.S. § 13–1105, the felony murder rule, as applicable to this case, provides that a person is guilty of first degree murder if, acting alone or with others, that person commits a "narcotics offense" under A.R.S. § 13–3409 and in the course or furtherance of that offense another person is killed. Defendant contends that this statute does not apply to marijuana. We agree. Under A.R.S. § 13–105(19), we are to apply the definition of "narcotic drug" contained in A.R.S. § 13–3401. That definition includes "cannabis" but not "marijuana." Those substances are statutorily distinct under subsections (4) and (16) of § 13–3401:

4. "Cannabis" means the following substances under whatever names they may be designated:

(a) The resin extracted from any part of a plant of the genus cannabis, and every compound, manufacture, salt, derivative, mixture or preparation of such plant, its seeds or its resin. Cannabis does not include oil or cake made from the seeds of such plant, any fiber, compound, manufacture, salt, derivative, mixture or prepara-

tion of the mature stalks of such plant except the resin extracted from the stalks or any fiber, oil or cake or the sterilized seed of such plant which is incapable of germination.

(b) Every compound, manufacture, salt, derivative, mixture or preparation of such resin or tetrahydrocannabinol.

16. "Marijuana" means all parts of any plant of the genus cannabis, from which the resin has not been extracted, whether growing or not, and the seeds of such plant. Marijuana does not include the mature stalks of such plant or the sterilized seed of such plant which is incapable of germination.

Basically, marijuana is the plant and cannabis is certain things derived from the plant. Only marijuana was involved in this case. Because it is not a "narcotic drug," no "narcotics offense" under A.R.S. § 13–3409 occurred and the conviction for felony murder must fall. See generally *State v. Zeiter*, 119 Ariz. 193, 580 P.2d 331 (1978); *State v. Bollander*, 110 Ariz. 84, 515 P.2d 329 (1973).

With respect to the convictions for conspiracy to possess marijuana for sale and to transport marijuana for sale, defendant makes two claims. First, he contends that the convictions must be set aside because the element of the crime of an overt act, although the subject of a proper instruction, was not alleged in the indictment. That contention is answered by *State v. Brooks*, 126 Ariz. 395, 616 P.2d 70 (App. 1980). See also *State v. Winter*, 146 Ariz. 461, 706 P.2d 1228 (App.1985). Any concern that the indictment would not protect his double jeopardy rights is answered by *State v. Bruce*, 125 Ariz. 421, 610 P.2d 55 (1980). Second, he contends that only a single conspiracy was proved and that the two conspiracy convictions were improper. See A.R.S. § 13–1003(C). We agree, as does the state, and the conviction for conspiracy to possess marijuana for sale will be set aside.

■ Defendant argues that the prosecutor's use of four of his peremptory challenges to strike Hispanic jurors violated

*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In a case where the defendant, the victim, the prosecutor, the defense counsel, and the judge were all Hispanic, and where both counsel used four of their six peremptory challenges to exclude Hispanic jurors, we doubt that a prima facie case of purposeful exclusion on the basis of ethnicity has been made or that the reasons stated for striking were pretextual in nature. The judge expressly found that the prosecutor's strikes were not so motivated. We must defer to that finding, *Hernandez v. New York,* —— U.S. ——, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). We note also that a *Batson* objection was not made until after the jury had been sworn and the stricken jurors excused. This was untimely. *State v. Harris,* 157 Ariz. 35, 754 P.2d 1139 (1988).

 Defendant urges us to follow the opinion in *State v. Boston,* 170 Ariz. 315, 823 P.2d 1323 (Ct.App.1991), by requiring in addition to a finding by the judge that the strikes were not racially motivated, that the reason advanced for striking a juror must be related to the particular case to be tried. Defendant concedes that this test was met as to two of the four Hispanics stricken by the prosecution. We think it was met also as to Martha Valenzuela who had been Alan Altamirano's therapist years before. But we decline to follow *Boston's* reliance on a passing comment in *Batson* because we neither understand how to apply it nor understand how its case relation requirement derives from the equal protection analysis underlying *Batson.* If the *Boston* court was concerned that stated reasons might have a disparate impact on minorities, the reasons stated here—I don't like school teachers, young people, and city employees on my juries— would not appear, and have not been shown, to have a disparate impact. While the Boston opinion makes a persuasive case that the reason stated for the strike there was not necessarily related to the fitness of the juror to serve, that is always true of the reasons underlying a peremptory challenge. They are based on ugly generalizations more probably false than true. If a

necessary relation to fitness is required, a challenge for cause ought to be sustained. And, if such a relationship is necessary, the rule concerning peremptory challenges would be effectively eviscerated.

 Finally, defendant contends that the trial court erred in telling the jurors that the death penalty was not being sought in this case. *State v. Corrales,* 138 Ariz. 583, 676 P.2d 615 (1983). Because no objection was made, this issue is waived. Further, no prejudice has been shown. See generally *State v. Dawson,* 162 Ariz. 429, 783 P.2d 1221 (App.1989).

Save as to the convictions and sentences for conspiracy to possess marijuana for sale and felony murder, which are vacated, the convictions and sentences are affirmed.

LACAGNINA, P.J., and HOWARD, J., concur.