NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JONATHAN ROGER OCHOA, *Appellant*.

No. 1 CA-CR 14-0519
FILED 9-22-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201200498
The Honorable Thomas L. LeClaire, Judge (Retired)

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Law Offices of Mary Elizabeth Perez, San Diego, CA
By Mary Elizabeth Perez
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L, Judge**:

¶1        Jonathan Roger Ochoa appeals his convictions and resulting sentences for first-degree felony murder, a Class 1 felony; conspiracy to commit possession of narcotic drugs for sale, a Class 2 felony; and conspiracy to commit armed robbery, a Class 2 felony.  Ochoa argues the conspiracy convictions are multiplicitous; the evidence was insufficient to support the convictions; the trial court erred in admitting improper character evidence; the trial court erred in admitting hearsay testimony; and cumulative error deprived him of a fair trial.  For reasons that follow, we vacate the conviction and sentence for conspiracy to commit armed robbery and affirm the convictions and sentences for first-degree felony murder and conspiracy to commit possession of narcotic drugs for sale.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the evidence in the light most favorable to sustaining the verdicts.  *State v. Nelson*, 214 Ariz. 196, 196, ¶ 2, 150 P.3d 769, 769 (App. 2007).  Ochoa was a participant in a drug trafficking organization headed by MB and EV, which dealt in methamphetamine and heroin.  EV entrusted VB with fifty grams of heroin to hold for the organization.  After finding a buyer for the heroin, MB and EV attempted to contact VB to get the heroin back, but VB avoided their calls.

¶3        Ochoa went with MB and EV in search of VB at her home and her boyfriend's apartment without success.  Later, armed with baseball bats and a shotgun, MB, Ochoa, and several other associates returned to the boyfriend's apartment in a second attempt to locate VB and retrieve the heroin.  The boyfriend's neighbor, who confronted the group as they approached the apartment, was beaten severely and subsequently died of his injuries.

¶4        Ochoa was charged with first-degree premeditated murder; conspiracy to commit possession of narcotic drugs for sale; conspiracy to commit armed robbery; resisting arrest; and first-degree felony murder. The State also alleged that Ochoa had two historical prior felony convictions for sentence enhancement purposes.

¶5        During trial, the superior court granted judgment of acquittal on the charge of resisting arrest.  The jury acquitted Ochoa of first-degree premeditated murder, but found him guilty on the three other counts.  The superior court sentenced Ochoa as a repetitive offender to concurrent presumptive 15.75-year prison terms on the two conspiracy convictions to

2

be served consecutively to the term of life imprisonment without the possibility of release for twenty-five years imposed on the first-degree murder conviction. Ochoa timely appealed.

## DISCUSSION

### A. Multiple Conspiracy Convictions

¶6        Ochoa argues he was improperly convicted twice for a single offense of conspiracy. Multiplicitous charges — charging a single offense in multiple counts — creates the potential for multiple punishments and thereby implicates double jeopardy. *State v. Powers*, 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App.), *approved*, 200 Ariz. 363, 26 P.3d 1134 (2001). Although Ochoa did not raise this issue below, the "prohibition against double jeopardy is a fundamental right that is not waived by the failure to raise it." *State v. Millanes*, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App. 1994). We review claimed double jeopardy violations *de novo*. *State v. Moody*, 208 Ariz. 424, 437, ¶ 18, 94 P.3d 1119, 1132 (2004).

¶7        The conspiracy statute states "[a] person who conspires to commit a number of offenses is guilty of only one conspiracy if the multiple offenses are the object of the same agreement or relationship and the degree of the conspiracy shall be determined by the most serious offense conspired to." Ariz. Rev. Stat. ("A.R.S.") § 13–1003(C).[1] Ochoa argues the evidence showed that there was but a single conspiracy encompassing multiple offenses in regards to the effort he and his associates made to retrieve the heroin. The State confesses error and we agree. Accordingly, Ochoa can be convicted of only one count of conspiracy. *State v. Medina*, 172 Ariz. 287, 289, 836 P.2d 997, 999 (App. 1992).

¶8        Both conspiracy to commit possession of narcotic drugs for sale (Count Two) and conspiracy to commit armed robbery (Count Three) are Class 2 felonies, and the superior court imposed identical concurrent 15.75-year prison terms on each count. Given that neither offense to which Ochoa was found to have conspired is more serious than the other, we set aside the conviction and sentence for conspiracy to commit armed robbery, the second of the two charged conspiracy counts. *See Powers*, 200 Ariz. at 127, ¶ 16, 23 P.3d at 672; *see also Medina*, 172 Ariz. at 289, 836 P.2d at 999.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## B.   Sufficiency of Evidence

¶9        Ochoa argues the evidence was insufficient to prove that he was part of the conspiracy to possess the heroin that resulted in the victim's murder.  According to Ochoa, the evidence established merely that he was "present" when his associates engaged in actions to retrieve the heroin.  We review claims of insufficient evidence *de novo*, viewing the evidence in the light most favorable to upholding the verdict.  *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993).

¶10        In considering claims of insufficient evidence, this court looks only to see whether substantial evidence supports the verdict.  *State v. Scott*, 177 Ariz. 131, 138, 865 P.2d 792, 799 (1993); *see also* Ariz. R. Crim. P. 20(a) (requiring superior court to enter judgment of acquittal "if there is no substantial evidence to warrant a conviction").  "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *State v. Spears*, 184 Ariz. 277, 290, 908 P.2d 1062, 1075 (1996).  Such evidence may be either direct or circumstantial.  *State v. West*, 226 Ariz. 559, 562, ¶ 16, 250 P.3d 1188, 1191 (2011).  This court will reverse a conviction for insufficient evidence only if "there is a complete absence of probative facts to support [the jury's] conclusion."  *State v. Mauro*, 159 Ariz. 186, 206, 766 P.2d 59, 79 (1988).

¶11        To convict Ochoa of conspiracy to possess narcotic drugs for sale, the State was required to prove that he had, "with the intent to promote or aid the commission of an offense," agreed "with one or more persons" to "engage in conduct constituting the offense" and that "one of the parties [had] commit[ted] an overt act in furtherance of the offense."  A.R.S. § 13–1003(A).  To possess narcotic drugs for sale, one must "knowingly . . . have physical possession or otherwise to exercise dominion or control over" the drugs for purpose of sale.  A.R.S. §§ 13–105(34), 13–3408(A)(2).  Heroin is a narcotic drug.  A.R.S. §§ 13-3401(20)(jjj), (21)(m).

¶12        "Criminal conspiracy need not be, and usually cannot be proved by direct evidence."  *State v. Arredondo*, 155 Ariz. 314, 317, 746 P.2d 484, 487 (1987).  Thus, "[a] conspiracy may be established by circumstantial evidence through the nature of the acts, the relationship of the parties, the interests of the conspirators, or other circumstances."  *Dawson v. Withycombe*, 216 Ariz. 84, 103, ¶ 53, 163 P.3d 1034, 1053 (App. 2007).  "Any action sufficient to corroborate the existence of the agreement and to show that it is being put into effect is sufficient to support the conspiracy."  *State v. Verive*, 128 Ariz. 570, 581, 627 P.2d 721, 732 (App. 1981).  While mere

knowledge, approval, or acquiescence in the object of a conspiracy without agreement to cooperate in achieving the object or purpose does not make one a party to a conspiracy, "a person who knowingly does *any* act to further the object of a conspiracy, or otherwise participates therein, is criminally liable as a conspirator." *Arredondo*, 155 Ariz. at 317, 746 P.2d at 487.

¶13        Given Ochoa's role in the drug trafficking organization, he had a motive for assisting in recovering the heroin for the purpose of sale. Moreover, he traveled with MB, EV, and other associates on more than one occasion to various locations searching for VB and the heroin. His repeated travels with leaders of the organization in search of VB and the heroin suggest he fully supported the goal of recovering the heroin and at the very least implicitly agreed to help accomplish that goal. *See State v. Hall*, 129 Ariz. 589, 595, 633 P.2d 398, 404 (1981) (holding "unlawful agreement can be inferred from the parties' overt conduct"). Thus, viewed in the light most favorable to sustaining the verdicts, the evidence presented at trial was more than sufficient to permit the jury to find beyond a reasonable doubt that (1) Ochoa agreed with one or more persons that at least one of them or another person would engage in conduct constituting the offense of possession of narcotic drugs for sale; (2) one of the parties committed an overt act in furtherance of that offense, including but not limited to attempting to locate and obtain the narcotics and/or locate VB, who possessed the narcotics, and/or using force to defeat the efforts of others to prevent entry into VB's boyfriend's apartment to recover the narcotics; and (3) Ochoa did so with the intent to promote or aid the commission of the offense of possession of narcotic drugs for sale.

¶14        With respect to the conviction for first-degree felony murder, a person commits this offense if, "[a]cting either alone or with one or more other persons the person commits or attempts to commit . . . narcotic offenses under section 3408, subsection A, paragraph 7 that equal or exceed the statutory threshold . . . and, in the course of and in furtherance of the offense . . . the person or another person causes the death of any person." A.R.S. § 13-1105(A)(2). Here, the evidence was sufficient to permit the jury to find beyond a reasonable doubt that during the attempt by a group of men that included Ochoa to retrieve a significant quantity of heroin at VB's boyfriend's apartment, one or more of the group caused the victim's death. Accordingly, there was substantial evidence from which the jury could conclude that Ochoa was guilty of first degree-felony murder.

### C.   Other-Act Evidence

**¶15**    The State filed a pretrial motion in limine seeking a ruling on the admissibility of evidence regarding the origin, structure, and operation of the drug trafficking organization and Ochoa's role and activities in it. The State contended the evidence was intrinsic to both the conspiracy and felony murder charges because it illustrated and directly proved why the crimes were committed and who participated. In the alternative, the State argued that the evidence was admissible under Rule 404(b) of the Arizona Rules of Evidence for purposes other than proving character, including motive, plan, intent, and knowledge. After hearing oral argument, the superior court granted the State's motion. Although the superior court's ruling is not entirely clear, the court appeared to rule that the evidence was admissible both because it was intrinsic to the charged offenses and because it was relevant for non-character purposes under Rule 404(b).

**¶16**    Ochoa argues that the evidence should have been precluded because it is improper character evidence. We review the superior court's ruling on the admissibility of other-act evidence for abuse of discretion. *State v. Mott*, 187 Ariz. 536, 545, 931 P.2d 1046, 1055 (1997).

**¶17**    Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Ariz. R. Evid. 404(b). Intrinsic evidence, however, "is not evidence of another crime." *State v. Butler*, 230 Ariz. 465, 472-73, ¶ 29, 286 P.3d 1074, 1081–82 (App. 2012). Rather, intrinsic evidence is "evidence of acts that are so interrelated with the charged act that they are part of the charged act," *State v. Ferrero*, 229 Ariz. 239, 243, ¶ 20, 274 P.3d 509, 513 (2012), and it is thus admissible without regard to Rule 404(b), *State v. Herrera*, 232 Ariz. 536, 545, ¶ 21, 307 P.3d 103, 112 (App. 2013). When evidence is not intrinsic but is offered for a non-propensity purpose, "it may be admissible under Rule 404(b), subject to Rule 402's general relevance test, Rule 403's balancing test, and Rule 105's requirement for limiting instructions in appropriate circumstances." *Ferrero*, 229 Ariz. at 242, ¶ 12, 274 P.3d at 512.

**¶18**    There was no abuse of discretion in the admission of evidence of Ochoa's role and activities in the drug trafficking organization under Rule 404(b) to prove both the conspiracy and felony murder charges. Here, the evidence of Ochoa's role and activities in the drug organization was introduced for proper non-propensity purposes of proving his relationship with the other conspirators and his motive and intent in regards to the conspiracy to recover the heroin. As discussed above, given the secretive

6

nature of conspiracies, the existence and membership of a conspiracy often necessarily has to be established through circumstantial evidence of the type introduced in the instant case. In compliance with the requirements for admission of evidence under Rule 404(b), Ochoa's role and activities in the organization were established by clear and convincing evidence consisting of testimony from other self-confessed members of the organization who had firsthand knowledge of his role in the organization.

¶19            Further, under the circumstances of this case, the trial court could reasonably conclude that the evidence was not subject to preclusion pursuant to Rule 403 as unfairly prejudicial to Ochoa. *See State v. Schurz*, 176 Ariz. 46, 52, 859 P.2d 156, 162 (1993) ("[N]ot all harmful evidence is unfairly prejudicial. After all, evidence which is relevant and material will generally be adverse to the opponent."); *State v. Harrison*, 195 Ariz. 28, 33, ¶ 21, 985 P.2d 513, 518 (App. 1998) (noting that the "trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice"). Finally, the trial court gave a limiting instruction to mitigate any potential misuse of the evidence by the jury. On this record, the superior court acted well within its discretion in admitting the other act evidence.

### D.    Hearsay evidence

¶20            Ochoa argues the superior court violated his rights under the Confrontation Clause by admitting hearsay evidence. We review a court's ruling on the admissibility of hearsay evidence for abuse of discretion. *State v. Bronson*, 204 Ariz. 321, 324, ¶ 14, 63 P.3d 1058, 1061 (App. 2003). We review the court's decision to admit evidence over a Confrontation Clause objection *de novo*. *See State v. Smith*, 215 Ariz. 221, 228, ¶ 20, 159 P.3d 531, 538 (2007).

¶21            At issue are statements by MB when he and the group of men that included Ochoa appeared at FB's home shortly after the incident at the boyfriend's apartment. FB testified that MB, who had a shotgun, stated that the group had gone somewhere to get some drugs back and that there was no shooting, but "we did hit him with bats." MB instructed FP, who also sold drugs for the drug trafficking organization, to give the group a ride, and FP did so, dropping off members of the group at various locations around town.

¶22            Hearsay is generally defined as an out-of-court statement offered in court to prove the truth of the matter asserted. Ariz. R. Evid. 801(c). MB did not testify at Ochoa's trial, and testimony by FP about MB's

7

statements was admitted over Ochoa's hearsay objection. The superior court admitted the testimony under the excited utterances exception to the rule against hearsay. *See* Ariz. R. Evid. 802, 803(2). We need not determine whether MB's statements would qualify for admission as excited utterances under the hearsay rule because they are statements of a coconspirator and therefore not hearsay. *See State v. Canez*, 202 Ariz. 133, 151, ¶ 51, 42 P.3d 564, 582 (2002) (holding trial court's ruling will be upheld if legally correct for any reason supported by the record).

¶23 The Confrontation Clause generally prohibits the admission of testimonial hearsay statements in a criminal trial unless the declarant is unavailable to testify and has been cross-examined by the defense. *Crawford v. Washington*, 541 U.S. 36, 59, 68 (2004). However, a statement "offered against an opposing party" and "made by the party's coconspirator during and in furtherance of the conspiracy" is viewed as an admission of a party-opponent, and therefore is not hearsay. Ariz. R. Evid. 801(d)(2)(E). A coconspirator's statement is admissible "when it has been shown that a conspiracy exists and the defendant and the declarant are parties to the conspiracy." *State v. Baumann*, 125 Ariz. 404, 411, 610 P.2d 38, 45 (1980).

¶24 The evidence at trial established that both MB and Ochoa conspired to recover the heroin. The statements by MB telling FP what occurred at the boyfriend's apartment and directing him to provide them with a ride so they could evade the authorities by escaping undetected in FP's vehicle were in furtherance of the conspiracy as they would permit them to continue the search for the heroin. *See State v. Dunlap*, 187 Ariz. 441, 458-59, 930 P.2d 518, 535-36 (App. 1996) ("So long as some reasonable basis exists for concluding the statement furthered the conspiracy, the 'in furtherance' requirement is satisfied."). Thus, MB's statements were admissible as coconspirator statements pursuant to Rule 801(d)(2)(E). And because coconspirator statements are not testimonial hearsay, no violation of the Confrontation Clause occurred in their admission. *Crawford*, 541 U.S. at 56.

### E. Cumulative Error

¶25 Finally, Ochoa contends that even if his individual claims of error do not by themselves require the reversal of his convictions, taken together the errors resulted in prejudice depriving him of due process and a fair trial. Arizona does not recognize the cumulative error doctrine outside the context of prosecutorial misconduct. *State v. Hughes*, 193 Ariz. 72, 78–79, ¶¶ 25-26, 969 P.2d 1184, 1190–91 (1998). Prosecutorial misconduct is not merely "legal error, negligence, mistake, or insignificant

impropriety, but, taken as a whole, amounts to intentional conduct which the prosecutor knows to be improper and prejudicial." *Pool v. Superior Court*, 139 Ariz. 98, 108–09, 677 P.2d 261, 271-72 (1984). Because we do not discern prosecutorial misconduct in any of the issues raised by Ochoa, we cannot find cumulative error. *See State v. Bocharski*, 218 Ariz. 476, 492, ¶ 75, 189 P.3d 403, 419 (2008) ("Absent any finding of misconduct, there can be no cumulative effect of misconduct sufficient to permeate the entire atmosphere of the trial with unfairness.").

## CONCLUSION

**¶26** For the foregoing reasons, we vacate Ochoa's conviction and sentence for conspiracy to commit armed robbery as multiplicitous and affirm his convictions and sentences for first-degree felony murder and conspiracy to commit possession of narcotics drugs for sale.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama